PEYTAVIN
vs.
WINTER.

A sale at auc-
tion is not null
because the writ-
ten instructions of
the vendors to the
auctioneer are
not produced on
the trial.

---

PEYTAVIN vs. WINTER.

6L 553
48 417

APPEAL FROM THE COURT OF THE SECOND JUDICIAL DISTRICT.

It is too late to present a bill of exceptions to be signed by the judge after
judgment is rendered, although the objection to the decision be made on
the trial.

In an action of trespass for damages to the plaintiff's land, in which the
petition alleges ownership and possession, and contains a prayer for general
relief, the jury are excluded from an examination of the plaintiff's title.

EASTERN DIS.
*May,* 1834.

PEYTAVIN
*vs.*
WINTER.

Where in an action of trespass the jury pronounces on the plaintiff's title, this part of the verdict may be disregarded and judgment rendered on the claim for damages.

The objection that illegal testimony was admitted on the trial, cannot be made the ground for a new trial, when no bill of exception was taken to its admission or opposition made thereto.

The jury are not bound by the opinion of the Supreme Court in estimating the *quantum* of damages in a case.

The Suprême Court will not interfere in a point of fact on which a country jury are presumed to be better judges.

The plaintiff alleges he is owner and possessor of a tract of land in the parish of Ascension with a front of      arpents and depth of forty arpents; and the forty arpents in depth on his back line he claims by right of pre-emption and occupancy for twenty years and that it has been surveyed for his use: that he has been and was in the quiet and peaceable possession of said lands, and the drains necessary to the use of the front land on the river have always emptied into and passed through the back tract of land into the swamp: that in January 1830 and constantly since, the defendant has committed divers acts of trespass on said land by cutting timber thereon and stopping up the drains whereby its cultivation is greatly impeded to his damage two thousand dollars.  He prays that the defendant be desired to desist from entering and trespassing on his land, and that he be decreed to open and clear the drains which he has filled up, and pay two thousand dollars in damages; and that he be enjoined from entering and trespassing on said lands the property of the plaintiff.  The petition was signed and sworn to by the plaintiff: the clerk issued an injunction thereon.

The defendant pleaded the general issue and charges the plaintiff with committing a trespass on his property, claiming the land described in the plaintiff's petition as his own, and that the plaintiff has taken possession of one hundred cords of

wood which had been cut and prepared for the use of the defendant of the value of three hundred dollars. He prays judgment decreeing him to be the rightful owner and possessor of the land, and for three hundred dollars the value of his wood and for two thousand dollars in damages for the trespass of the plaintiff. He prays that the plaintiff answer on oath the following interrogatories. "Did you or not take the one hundred cords of wood mentioned in defendant's answer? If not the whole, did you not take a part thereof, and how much?

Several witnesses were called for the plaintiff who proved that the latter had enclosed a space or park behind his front plantation and had possessed the same for more than ten years; and that the plaintiff had made three or more ditches and drains through the said inclosure and back land. The ditches are necessary to the cultivation of the front tract. Plaintiff used the inclosure to put cattle in. That the ditches were stopped by the defendant and occasioned the front land of the plaintiff to be overflowed so as to drown his cane and corn. The water rose a foot deep in consequence of the stoppage of said drains. One witness saw the land of plaintiff overflowed once when the ditches were stopped, he estimates the damage done to plaintiff's crop thereby at five hundred dollars.

The witnesses for the defendant proved that he claimed the right to cut timber on the land behind Peytavin's plantation, and the said land is within forty arpents reckoning from bayou Lafourche on which defendant's land fronts. The testimony shows that the plantations of plaintiff and defendant front respectively on the Mississippi river and the bayou Lafourche and that the back lands claimed by each run into each other.

On this testimony adduced by the respective parties, with an attempt by the defendant to set up legal title to the premises, a trial was had. The jury brought in a verdict of one thousand dollars for the plaintiff in damages and enjoined the defendant to desist from further trespass and to open the drains, &c. From the judgment of the court rendered thereon the defendant appealed.

The case was decided at May term 1832 of this court, and remanded for a new trial. *Vide* 4 *La. Rep.* 46.

During the pendency of this case in the Supreme Court on the first appeal Winter prayed for an injunction to restrain Peytavin from committing waste and trespassing upon the *locus in quo* which was granted, but after the return of the case from the Supreme Court, Winter was non-suited in his injunction suit.

On the second trial of this case most of the witnesses in the former trial were called and testified, and the testimony of those who were absent were read. It appeared since the closing of the ditches by defendant, the plaintiff's plantation was overflowed and much injury done to his crop. The witnesses estimated the damages in this respect, at more than one thousand dollars.

The plaintiff produced in evidence his application to the register of the land office in New-Orleans for the land in question, as a back concession in virtue of the act of Congress of 1820, giving a pre-emption right, and also the certificate of the register thereon granting the privilege .to the applicant to enter one hundred and sixty acres at one dollar and twenty-five cents per acre which was paid by the applicant.

The jury found a verdict for the plaintiff declaring him to be the owner of the *locus in quo*, and condemning the defendant to pay $1500 in damages, and the costs.

The counsel for the defendant filed the following grounds for a new trial.

1. That the verdict is contrary to law and evidence.

2. That the damages are excessive and oppressive.

3. That improper and illegal testimony was suffered to go to the jury.

The Parish Judge acting for the District Judge, who recused himself, over-ruled the motion for a new trial and gave judgment confirming the verdict and perpetuating the plaintiff's injunction.

After judgment was rendered, defendant's counsel tendered three bills of exception: 1. To the admission of testimony offered by plaintiff's counsel on the trial and objected to

by the defendant. 2. To the opinion of the court sustaining the objection of plaintiff's counsel to certain documentary evidence offerred by defendant. 3. The refusal of the court to admit parol testimony, considered by defendant material to his case. The court refused to receive and sign the bills of exception on the ground that they were not tendered before the verdict was given and judgment rendered thereon, though they were presented within three days after the trial. The court refused to allow said bills of exception to be annexed to the present one, whereupon defendant's counsel *took this his bill of exceptions to such refusal, &c.*

The defendant again appealed.

The plaintiff's counsel moved to dismiss the appeal.


*Rosilius,* for the plaintiff.


1. The appeal must be dismissed because the record is not certified according to law. *Code of Practice, art.* 586. 4 *La. Rep.* 8. *Hodge* vs. *His creditors.*

2. The transcript is made out in such an irregular, imperfect and loose manner that it is impossible for this court to act on the merits of this cause. It is the duty of the appellant to bring the record before the Supreme Court in such a shape as to enable that tribunal to afford him the relief which he seeks. 4 *La. Rep.* 46.

3. The judge *a quo* properly refused to sign the bills of exception tendered two days after the trial, when no dissatisfaction was expressed by the appellant, with regard to the points decided during the trial, and no intention of excepting to the opinions of the court intimated. 4 *La. Rep.* 19.

4. The appellee has had two verdicts in his favor—the appellant shows no title to the *locus in quo,* the question of damage for acts of trespass is peculiarly within the province of the jury.

*Lawrence* and *Winthrop*, for the defendant and appellant.

1. The new trial ought to have been granted on the ground set forth that the verdict is contrary to law and evidence, because the finding is beyond the issue. The jury have converted a mere action of trespass for damages into a petitory action and pronounced a verdict of ownership.

2. The plaintiff has not established his right to the *locus in quo.* All his evidence to the back concession is his application to the register to be received as purchaser and the receipt of the former for the purchase money and the platt of his lands purchased.

3. A mere inspection of this platt shows that the back concession claimed by plaintiff's tract runs into the *front* concession of the defendant, on bayou Lafourche, and it is believed that the ditches said to be stopped are embraced within the range of these conflicting lines.

4. The verdict is contrary to evidence because the damages are excessive.

5. This is not a case in which a jury is permitted to exercise their discretion and award damages beyond the amount proved. The proper distinction is made in the case of *Bourguinon* vs. *Boudousquie.* 2 *La. Rep.* 393.

6. In this case there has been two verdicts for the plaintiffs, but this is not a sufficient reason why the cause should not be remanded for another trial, if these verdicts are not, in the opinion of the court warranted by the law and evidence. The case of *Myers* vs. *Slack,* 5 *La. Rep.* 53, was submitted to five juries in which there were two mistrials and three verdicts for the plaintiffs, and on appeal it was remanded for the sixth trial. *Vide* 1 *La. Rep.* 174. 2 *do.* 469.

MARTIN J., delivered the opinion of the court.

This case was remanded from this court at May term, 1832, on the reversal of the judgment of the District Court, and the setting aside the verdict on the ground that the

amount of damages found by the jury, (one thousand dollars) was not authorised by the evidence. *Vide* 4 *La. Rep.* 46.

On the second trial, damages were given to the amount of one thousand five hundred dollars, and the case is again brought up by the defendant and appellants.

His counsel contends that the first judge erred in refusing a new trial on the ground of the verdict being contrary to law and evidence, the damages excessive, and of illegal evidence having been introduced.

He has drawn our attention to the refusal of the judge *a quo* to sign a bill of exceptions, but the refusal of the judge appears to be correct, as no bill of exception was produced for his signature until after judgment.

It is too late to present a bill of exceptions to be signed by the judge after judgment is rendered, although the objection to the decision be made on the trial.

The verdict is complained of as being contrary to law in this regard; it finds the plaintiff to be the owner of the *locus in quo*.

The action is one of trespass, and the petition concludes with a prayer that the defendant be decreed to desist from entering or trespassing on the premises, and ordered to open and clear certain drains on his own land, and enjoined from interfering with the plaintiff's property in the premises, and to pay damages; general relief is also prayed for. It is true the petition avers the ownership and possession of the plaintiff of the premises; but the nature of the action was such as excludes the examination of the plaintiffs title by the jury. Their finding and verdict in this respect was contrary to law; but we cannot say that the court erred in denying the new trial on this account, as this part of the verdict might well have been diregarded.

In an action of trespass for damages to the plaintiff's land, in which the petition alleges ownership and possession, & contains a prayer for general relief, the jury are excluded from an examination of the plaintiff's title.

Where in an action of tresspass the jury pronounces on the plaintiff's title, this part of the verdict may be disregarded, and judgment rendered on the claim for damages.

On the score of the verdict being contrary to evidence, it appears to us as it did last year, that the new trial was properly refused.

With regard to the testimony and evidence illegally admitted, we think the objection was correctly overruled, as no bill of exceptions show that any opposition was made at the trial.

The objection that illegal testimony was admitted on the trial, cannot be made the ground of a new trial, when no bill of exceptions was taken to its admission or opposition made thereto.

As to the excessiveness of damages, the plaintiff has had two verdicts; in the second, the jury were probably informed

Eastern Dis.
May, 1834.

PEYTAVIN
vs.
WINTER.

The jury are not bound by the opinion of the Supreme Court in estimating the *quantum* of damages in a case.

The Supreme Court will not interfere in a point of fact in which a country jury are presumed to be better judges.

during the last trial, that we considered the damages given by the first jury as too great. Although the second jury was legally bound to give some consideration to the opinion of the highest court of justice in the country, they ought not to permit it to stand between God and their consciences, and yield their opinion to ours in this respect. They have exercised this right, and the district judge by denying a new trial, though this was insisted on as some testimony in favor of their conclusion, we think duty does not require our interference on a point of fact, on which a country jury are presumed to be better judges than us.

But we think the District Court erred notwithstanding the verdict, in giving judgment as in a petitory action.

It is therefore ordered, adjudged, and decreed, that the judgment of the District Court be annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed, that the plaintiff recover from the defendant the sum of fifteen hundred dollars, and that the latter be enjoined from trespassing on the premises or disturbing the plaintiff in his possession thereof; and that he pay the costs in the court below; the appellee paying those in this court.