SPENCER<br>v.<br>KNOWLAND.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## LE BLANC *v.* NOLAN.

Although in actions of trespass the enquiry is restricted exclusively to the questions of possession, and of the damages resulting from the injury complained of, yet, where the defendant asserts an adverse possession, the title under which he holds is admissible in evidence in support of that possession. This production of title does not authorize an adjudication upon the question of property, but is admissible to show the beginning and extent of the possession.

When, from inadvertence, or other cause, a plaintiff has failed to offer all the evidence on which he relies for a recovery, it is discretionary with the judge, even after the evidence for the defence had been closed, to permit the deficiency to be supplied, where the evidence offered is not of a character to surprize the opposite party.

In actions of trespass there can be no examination into title. Possession alone is sufficient to support the action.

APPEAL from the District Court of West Baton Rouge, *Burk,* J.
  *W. B. Robertson,* for the plaintiff. *Lobdell* and *Greves,* for the appellant. The judgment of the court was pronounced by

KING, J. This action was instituted to recover damages for a trespass, alleged to have been committed by the defendant, by cutting trees on a tract of land which the plaintiff claims to possess as owner, in virtue of titles derived from the United States. The defendant denies the alleged trespass, and asserts title in himself to the land on which the acts complained of were committed. The cause was submitted to a jury, who gave a verdict for the plaintiff, and from the judgment rendered thereon the defendant has appealed.

Our attention is called to several bills of exception presented on the trial. The first is to the introduction in evidence of the defendant's titles to the land in question. We think the judge did not err, in permitting them to be offered. Al-

though, in actions of trespass, enquiry is restricted exclusively to the questions of possession, and of the damages resulting from the injury complained of, yet when the defendant asserts an adverse possession, the title under which he holds may be exhibited in support of that possession. This production of title does not authorise an adjudication upon the question of property, but is admissible to show the beginning and the extent of the possession. 16 La. 395.

The second exception was to the permission granted by the court to the plaintiff, to offer in evidence the title by which he holds the land in question, after the plaintiff had closed his testimony in chief, and after the evidence for the defence had also been closed. The plaintiff ought, before closing his evidence in chief, to offer all the testimony on which he relies for a recovery. When, from inadvertence or other cause, he has failed to do so, it is always discretionary with the judge to permit the party to supply the deficiency, when the testimony offered is not of a character to operate a surprise upon his adversary. In the present instance the plaintiff averred title, and the title produced being in conformity with that recited in the petition, the defendant cannot complain of surprise.

The third exception is to the refusal of the judge to charge the jury that, "where a plaintiff claims damages for cutting down trees, he must show and prove title to the land on which the trees were growing." The judge did not, in our opinion, err. It has been repeatedly held that, in actions of trespass, there can be no examination into title. Possession alone is sufficient to support the action. 6 La. 559. 4 Mart. N. S. 136.

As regards the merits, the plaintiff has shown that, as the owner of a tract of land of one and a fourth *arpents* front, on the Mississippi river, by forty in depth, he availed himself of the act of Congress and purchased the back concession, containing forty five acres, for which a patent has issued in his favor. The witnesses state that the side lines of the double concession, are parallel and extend back forty *arpents*; that they are marked, blazed, and staked plainly, and that the plaintiff has possessed, in conformity with them, since 1833; that his enclosures extend back, about twenty five *arpents*, and that several of the trees cut by the defendant stood within two or three *arpents* of the plaintiffs rear fence. It is also shown that, the defendant has a fence running back the entire forty *arpents* within sixty feet of the plaintiffs line, and that he has always, until recently, respected the plaintiff's possession.

The defendant contends that the true lines of the plaintiff, as established by the approved government survey, diverge from the front to the rear, in consequence of which the quantity contained in the front tract was obtained by extending the lines less than forty *arpents* in depth. The evidence which he has adduced renders it probable that, in regard to a small portion of the land, there is a conflict of possession between the parties; for while the plaintiff proves possession of a tract of one and a fourth *arpents* front, by forty in depth, with parallel side lines clearly defined, the defendant exhibits an extract from a township map, on which it is represented as being a little less than thirty one *arpents* in depth. The plaintiff also produces a title from the United States to a tract of land owned by himself, which, as represented in the township map, embraces ten or twelve acres of the land claimed by the plaintiff. The exact point of conflict has not been shown, nor do we deem it important, in the present con troversy, as several of the trees appear, by the testimony, to have been cut within the limits assigned by the defendant himself to the plaintiff's tract.

The damages assessed by the jury do not appear to us to be excessive. The question was one peculiarly within their province, and they have not so exercised the discretion vested in them by law as to require our own interference.

*Judgment affirmed.*