## EDWARD C. GARDINER *v.* JEAN B. THIBODEAU.

In an action for trespass, the defendant cannot put the plaintiff upon proof of title ; possession alone is sufficient to support the action.

The law does not justify any one in killing a slave, while in the act of committing a theft on his premises ; and any person so killing a slave will be bound to the owner for his value.

APPEAL from the District Court of the Parish of St. Landry, *Martel,* J. *P. D. Hardee,* for plaintiff and appellant. *C. H. & E. Mouton,* for defendant.

MERRICK, C. J. This suit is brought to recover the value of a slave alleged to have been killed by the defendant.

There was a verdict of the jury and judgment of the court in favor of the defendant, and plaintiff appeals.

There are some bills of exception taken to the charge of the Judge to the jury. As we shall dispose of this case upon the testimony, we do not feel called upon to express an opinion upon the bills of exception.

The proof is clear, that the defendant killed the slave *Charles,* as alleged in the petition. Defendant denies that he is liable, 1st, because the plaintiff has not shown that he was the exclusive owner of the slave ; and 2dly, because the de-

fendant was a freeholder, and having ordered the slave to stop, he was justified in shooting him for neglecting so to do.

I. The plaintiff was in possession of the slave as owner. The defendant (if his act were without justification) is a trespasser. He cannot, therefore, put the plaintiff upon proof of title. 2 An. 224; 6 L. R. 559.

II. The slave was shot within the inclosures around defendant's dwelling-house. His reasons are given by the witnesses as follows, viz :

B. Simms, (who was present while the body of the negro was lying outside defendant's premises,) asked defendant who had killed the negro ? He says " Defendant stated that he had." When asked " what it was for," he answered " that he had found the negro on his premises, stealing chickens ; that he would kill any negro or any white man."

Defendant told the witness, Gardiner, " that he had hallooed to the boy to stop ; that the boy continued to run, and then it was that he shot."

Léon Thibodeau, defendant's witness. says that defendant told him " that the boy was in his yard, under the gallery of an out-house, and the boy upon perceiving him had run ; that he had stopped once, and the negro still running, he had shot him. Starting from the corner of the yard fence, the negro fell 16 yards from the fence. There were chicken feathers from the yard to the place where the negro was lying."

This view which the defendant has taken is doubtless the most favorable which can be put upon his actions. Does it amount to a justification, he being a freeholder ?

The law on this subject. as it now stands, is as follows :

" It shall be lawful to fire upon runaway negroes, who may be armed, when pursued, if they refuse to surrender." Acts 1857, p. 233, sec. 41.

It is proved that a knife was found in the pocket of his coat after the body of the negro was removed to the residence of the plaintiff. The coat was lying at the feet of the boy, and the knife was a butcher knife, six or seven inches long. This does not bring the case within the statute. The defendant did not pretend (as we have seen), that he killed the slave because he was a runaway and armed, but because he was stealing his chickens, and run, and did not stop when commanded. If it be assumed, that the negro had his coat on when he was stealing the chickens, and the knife was in the pocket, the defence still fails, because it is not shown that the slave was a runaway. So far from being a runaway, the proof makes it sufficiently certain that he was out for no other purpose than that of stealing chickens ; two of which were found by his house. The proof shows, that he was addicted to theft ; but there is none tending to show that he was a runaway. Our law does not justify the killing of any one for a theft, and the defendant is left without sufficient justification. McCutcheon v. Angelo, ante, p. 34, 3 An. 132.

There is much difference in the estimates of the value of the slave. Plaintiff's witnesses place his value at $1800 ; defendant's at $500. We will assume the medium, viz, $1150.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be avoided and reversed ; and we do now order, adjudge and decree, that the plaintiff do recover and have judgment against the defendant, for the sum of eleven hundred and fifty dollars, and costs of both courts.