- PROVOSTY, J. The effect of the decree of this court in this case has heretofore been explained, but the explanation does not seem to have been sufficiently explicit.

The district court rendered judgment in favor of plaintiff against the defendant, Kidd, for a certain amount of money, and accorded to plaintiff a right of mortgage to secure the payment of the debt upon, and maintained the attachment for, an undivided half of the real estate attached in this suit, and decreed that the said undivided half be seized and sold to satisfy the judgment.

The latter part of the judgment—that is to say, the part according a right of mortgage upon, and maintaining the attachment for, an undivided half of the property, and ordering same to be seized and sold—was in reality against the intervener, Mrs. Chaffraix.

The Court of Appeal annulled the judgment in so far as it was against the intervener, but left it unaffected in all other respects; that is to say, it decreed that Mrs. Chaffraix was owner of the property seized, and that said property was not subject to the mortgage, and not liable to the attachment.

On writ of review this court affirmed the judgment of the Court of Appeal in so far as said judgment decreed Mrs. Chaffraix to be owner of the land, but reversed it in so far as it had denied to Kidd (or to plaintiff, standing in the shoes of Kidd) any right to the property. This court decreed that Kidd had been a possessor in good faith, and that his rights as such had been attached, and maintained the attachment to that extent; and it decreed, further, that the case be remanded to the district court for the fixing of those rights.

It follows from this that the only thing plaintiff can do is to proceed with the case in the district court, to cause to be fixed contradictorily with the intervener the rights of Kidd as a possessor in good faith, and, after this has been done, to cause the said rights as thus fixed to be seized and sold to satisfy his judgment against Kidd.

The present application for a rule is therefore refused.

(46 South. 649.)

No. 16,907.

UNION SAWMILL CO. v. STARNES et al.

(May 25, 1908.)

TRESPASS—TITLE TO MAINTAIN—SUFFICIENCY.

In a suit against a trespasser to recover damages for timber cut and removed, and to recover logs cut and left on the premises, it suffices that the plaintiff show an apparently good title to the property in question. In such a case the defendant cannot set up defects in the title personal to the real or original owner, such as want of consideration and the like.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 46, Trespass, § 62.]

(Syllabus by the Court.)

Appeal from Fourth Judicial District Court, Parish of Union; Robert Brooks Dawkins, Judge.

Action by the Union Sawmill Company against G. M. Starnes and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Lamkin, Millsaps & Dawkins, for appellant. Elder & Moore and Clayton, Hawthorne & Atkinson, for appellees.

LAND, J. This is an action to recover damages for trespass on certain timber lands.

and to recover a number of logs cut thereon. Plaintiff enjoined the defendant from committing further acts of trespass, and sequestered the logs.

Plaintiff alleged title in fee to some of the lands and title to the timber on the remainder.

Defendant alleged title or permits from the alleged authors of the plaintiff's title, but showed neither, and evidently occupies the position of a mere trespasser.

There was judgment in favor of the plaintiff for $401.07 and for the logs on the land. The judgment maintained the writ of sequestration and perpetuated the injunction.

The plaintiff appealed, and the defendant has answered, praying for the reversal of the judgment in toto.

Plaintiff has an apparently valid title to the lands and timber in question from the Pine Hill Lumber Company, evidenced by authentic acts duly recorded. The Pine Hill Lumber Company acquired by recorded deed from H. H. Ragan and others, who in turn acquired from John A. McShane by an apparently valid conveyance. McShane claimed under certain recorded option contracts of the same nature as those considered in the recent case of Thompson & Company v. Union Sawmill Company (No. 16,713, recently decided by this court) 46 South. 341. In that case the grantors of the options sued to annul them on the grounds of want of mutuality and consideration, and of the failure of the express condition that a railroad should be constructed through a certain section within a certain time. In this case the original grantors have made no complaint, and the options are assailed by a stranger to the title. It is stated in plaintiff's brief, and not denied, that in the instant case the railroad was constructed within the term specified in the co-called timber contracts. The evidence points to the same conclusion.

These so-called options purport to transfer all the merchantable timber on the lands in question, with a right of entry and possession, and have at least the force and effect of a license or permit to the grantee and his assigns to cut and appropriate the timber to his own use for a stated price. As the time limit has not expired, and the evidence does not show any revocation of the licenses by the grantors, or that they have lapsed, we think that the plaintiff shows an apparent right to the timber, even under the original option contracts. A trespasser cannot take advantage of any defects personal to the parties in the titles exhibited by the plaintiff in a petitory or possessory action. An apparently good title is sufficient against a trespasser. Stille v. Shull, 41 La. Ann. 820, 6 South. 634; Railroad Company v. Sledge, 41 La. Ann. 903, 6 South. 725.

We are not called upon to pass on the legal rights of the original grantors in the premises. They are not parties to this suit, and would not be bound by our opinion or judgment. Suffice it to say that their pretensions cannot be championed by a stranger to the title.

Plaintiff complains in his brief that the amount awarded as damages is much smaller than that established by the evidence, but does not specify in what respect and to what extent the judge a quo erred. There is no sufficient evidence of the quantity of timber taken by the defendant, beyond his own admissions under oath. The evidence differs as to the value of standing timber, and we are not prepared to say that the judge erred in his appreciation of the evidence. If there was any error of law, it has not been pointed out.

Judgment affirmed.