Nos. 590—677

First Circuit

WALKER ET AL. v. BAER-THAYER HARDWOOD CO.
(JOHN H. CASSIDY ET AL. Called in Warranty)

(March 5, 1930. Opinion and Decree.)
(April 14, 1930. Rehearing Granted.)
(June 9, 1930. Opinion and Decree on Rehearing.)

Ott & Rich, of Bogalusa, attorneys for plaintiff, appellant.

Ott & Johnson, of Franklinton, attorneys for Baer-Thayer Hardwood Company, defendant, appellee.

Brock & Carter, of Franklinton, attorneys for Cassidy & Sheridan, warrantors, appellees.

Bascom D. Talley, of Bogalusa, attorney for Slush & Hannan, warrantors, appellees.

MOUTON, J. Plaintiffs herein, eight in number, are the children of T. P. Fornea, who died in 1914, and of Mary Fornea, his surviving widow. They allege their ownership and possession of an undivided eight-eighteenths interest in a timbered tract of land of 100 acres in Washington parish in the B. Carmen headright 45, range 2, etc. This land, they aver, is community property which belonged to their deceased father and surviving mother.

They allege that within the past six months defendant company has, without their permission or consent and over their protests, entered on this land, and has committed acts of trespass, by cutting and removing therefrom 400,000 feet of timber worth $8 per thousand feet, footing up a total in value of $3,200 to eight-eighteenths or say the sum of $1,422.22, to which they are entitled. Reserving their rights to sue

for the value of any timber cut on the land after the filing of their suit, plaintiffs pray for judgment against defendant company for $1,422.22, with legal interest from judicial demand.

The defendant company denies the ownership of the plaintiffs as averred, but admits that it has cut and removed from the land described in their petition 200,000 feet of timber, which defendant alleges does not exceed in value $4 per thousand.

After averring that it had purchased the timber on the land described in plaintiffs' petition from John H. Cassidy and Daniel E. Sheridan on March 3, 1920, under a warranty deed, defendant prays that its vendors be called in warranty, that the suit be dismissed, but, in case judgment is rendered against it, for a like judgment against the warrantors.

Cassidy and Sheridan, after admitting the call in warranty and adopting paragraphs 1 to 11 of the answer of the Baer-Thayer Hardwood Company, defendant, aver that they purchased the timber claimed by plaintiffs from Mathew Slush and Mrs. Jessie W. Hannan by virtue of a deed accepted by them January 23, 1920; that Mathew Slush and Mrs. Jessie W. Hannan acquired from Mrs. Vandalee Wilkes and her husband, S. W. Wilkes, March 2, 1905, which was confirmed by these two vendors, March 16, 1918, by a quitclaim correcting the description given in the act of conveyance. They further allege that a portion of the timber on this land was acquired by Mrs. Vandalee Wilkes from Robert Daniel, July 27, 1891, and the other from the heirs of A. McMillan prior to March 17, 1897, as shown by a judgment reinstating the title thereto.

They also aver that Mathew Slush and Mrs. Jessie W. Hannan acquired from R. D. Fornea February 9, 1920. They ask

that R. D. Fornea be called in warranty, and, in a supplemental answer, after alleging that the call of R. D. Fornea had been dismissed on exception, they pray that their warrantors, Mathews Slush and Mrs. Jessie W. Hannan, non-residents, be called in warranty, through their attorney and representative, Mr. B. D. Talley, who, after filing an exception of no cause of action, with due reservation of his rights under the exception, answered, urging the plea of estoppel against plaintiffs and the prescription of ten and thirty years.

In their answer, Mathew Slush and Mrs. Jessie W. Hannan, ask that R. D. Fornea be called in warranty and for judgment against him in case they be held responsible in warranty to Cassidy and Sheridan.

R. D. Fornea answered the call in warranty, and, after denying the petition of the plaintiffs, avers that they have no interest in the timber described in their petition, admits that he and Mrs. Mary Fornea, his mother, executed what he thought to be a quitclaim to any interest in the property described in plaintiff's petition, but, if that title was a warranty deed, denies that he received $500, but, on the contrary, that he received $50 for the purpose of signing a quitclaim, and that, if he be responsible in any amount, it be restricted to the sum of $50.

The district judge rendered judgment rejecting the demand, from which plaintiffs appeal.

Plaintiffs, the record shows, trace their title from Robert Daniel, from whom T. P. Fornea acquired his title in December, 1885. The warrantors of defendant company, Cassidy and Sheridan, Mathew Slush, and Mrs. Jessie W. Hannan, also claim that they derive their title for a portion

of the land from Robert Daniel, through Mrs. Vandalee Wilkes.

Counsel for defendant company says in his brief that the description in both the Fornea and Wilkes deeds are too vague to support a claim under either without proof dehors the calls of the deeds.

Plaintiffs and defendant company claim to have derived their titles from Robert Daniel; plaintiffs through T. P. Fornea who acquired from Robert Daniel in 1885, and defendant through Mrs. Vandalee Wilkes and the heirs of McMillan who acquired from Daniel in 1905, and 1917.

There were various deeds introduced in evidence, and, for the purpose of locating the land on which it was alleged the timber had been taken, several witnesses were examined in the case.

In furtherance of that purpose, T. E. Piggott, parish surveyor, was sworn as a witness by plaintiffs. He testified he had made two surveys of the land, one in 1905 or 1906 for the Wilkes from whom defendant traces its title, and the other later, in 1907, for T. P. Fornea, the alleged author in title of the plaintiffs. The surveyor said that the land he surveyed for T. P. Fornea was the same as is described in plaintiffs' petition. He also stated, however, that he had subsequently surveyed 400 acres of land for Mrs. Wilkes, from whom defendant claims through mesne conveyances, and that these 100 acres claimed by plaintiffs were within this body of land surveyed for the Wilkes. Several witnesses, old residents of the neighborhood where the land is situated, were also examined in reference to its location. The preponderance of their evidence sustains the contention that the 100 acres were located within the 400 acres surveyed by Piggott for the Wilkes, original authors of defendant. It therefore appears that plaintiffs failed to prove by the surveyor and their witnesses that the timber was cut from the land claimed in their petition, as a community asset from T. P. Fornea, their deceased father; on the contrary, shows that it was removed from the land which had been transferred to defendant through various sales from the original title acquired by the Wilkes from Robert Daniel, the common author of the plaintiffs and defendant.

Plaintiffs' counsel say their suit is one in trespass for the value of timber, that they are not required, as in a petitory action, to prove title against all the world, quoting Gould v. Bebee, 134 La. 123, 63 So. 848, and Union Sawmill Co. v. Starnes, 121 La. 554, 46 So. 649, in support of that contention.

In Gould v. Bebee, 134 La. 123, 63 So. 848, the court held that, where plaintiff claiming title to real property, seeking damages against a trespasser who does not assert title in himself or his co-trespassers, it is not necessary for plaintiff to show a title perfect in all respects.

In Union Sawmill Co. v. Starnes, 121 La. 554, 46 So. 649, there is nothing in conflict with the foregoing rule as stated in 134 La. 123, 63 So. 848.

In this case the real defense is that the defendant company has title to the timber which it traces through the Wilkes, and consequently that plaintiffs have and could have none through their father, T. P. Fornea, from whom they claim in the quality of heirs in community. The defendant is therefore indirectly asserting title, and cannot be brought under the operation of the foregoing rule, where the doctrine announced is that, when a trespasser does not set up title in himself or

his co-trespassers, plaintiff is not required to establish a title good in all respects.

The trial judge found that plaintiffs had failed to make out their case with the degree of reasonable certainty necessary to support a judgment in their favor and rejected their demand.

We find no error in this finding of the district judge.

As there is no judgment against defendant, there is no necessity for us to consider the demands in warranty.

LECHE, J., not participating.

## ON REHEARING

ELLIOTT, J. The exception of no right or cause of action filed herein by defendant, when this case was called on rehearing, is overruled.

A rehearing was prayed for by the plaintiffs, Mrs. Maggie Fornea, wife of J. E. Walker, Sallie, wife of Q. T. Walker, Thomas P. Fornea, Jr., Joseph R., Annie P., wife of J. W. Thompson, Edward, Lucille, wife of Less Lang, Carl E., Effie, wife of Griff Miller, Eloise, Merle, and Jack Fornea, Otho, Iddo, Jesse, and Millie, wife of Ben Hagars, Della, wife of Mert Thomas, Bonnie Lou Fornea, Edwina Seals, wife of Levi Smith, Annie Seals, wife of Dude Miley, Ida Seals, wife of Jeff · Jarrell, on the ground that the opinion and decree of the court was erroneous, in that the court had not taken notice of nor considered certain estoppels urged in their original brief.

The rehearing was granted, and the case has been gone over again.

The pleadings, evidence, and conflicting contentions of the parties are such that it is perhaps best to restate portions of the case.

The plaintiffs allege that they are, together with Robert D. Fornea, the sole and forced heirs of Thomas P. Fornea, Sr., deceased. That the plaintiffs are, together the owners and possessors by inheritance from him of an undivided eight-eighteenths in and to the property described as follows, to-wit:

"One hundred acres of land in B Carmen headright 45 T 2 S R 14 E; starting at old southeast corner of the above section, which is common to headrights 44—; 45—; 48, after establishing it by old field notes and remarked a sweet gum 10 inches in diameter S 9¼° E 56 links.—Thence follow up old traverse on west bank of Manning Lake N 62° W 7 chains.—Thence N 69½° W 8.40 chains. Thence N 54½° W 2.50 chains. Thence N 43° W 42 links to set stob, the point of beginning, whence a sweet gum N 18¾° 33 links, a water oak S 20¼° E 5 links. Thence continue on old traverse up lake N 43° W 3.58 chains N 30½° W 4 chains N 4½° W 10 chains N 27° E 7.50 chains. Thence N 62° E 10.50 to stob. Thence N 75½° W 43.21 chains to set stob in Muddy Drain. Thence S 29.45 chains to stob on old line. Thence S 75½° E 35.83 chains to the point of beginning. Survey by T E Pigott Parish Surveyor July 1907."

Plaintiffs take the position that their mother, Mrs. Mary A. Fornea, widow in community of Thomas P. Fornea, was the owner and possessor of an undivided half, and that their brother R. D. Fornea was the owner and possessor of one-ninth of one-half of the above-described land, leaving eight-eighteenths which belongs to them.

Plaintiffs do not pray for recognition as owners or possessors of the land or timber thereon; their only prayer is for judgment against defendant Baer & Thayer Hardwood Company for $1,422, the alleged value of their interest in such timber as has been cut and removed therefrom, and for general and equitable relief in the premises.

Baer & Thayer Hardwood Company, for answer, denied plaintiffs alleged ownership and possession, admitted that it had cut 200,000 feet of timber from the land, alleged that it had purchased the timber from Cassidy and Sheridan, prayed that its vendors, Cassidy and Sheridan, be called in warranty, and that plaintiffs' petition be dismissed. But in the event it was cast in the suit, that there be like judgment against its warrantors.

Cassidy and Sheridan appeared, and for answer denied plaintiffs' alleged ownership and possession, and alleged that they had purchased the timber in question from Slush and Hannan; that Slush and Hannan had acquired the land described in plaintiffs' petition as part of a tract of 400 acres from Mrs. Vandalia Wilkes; that said 400 acres which had been owned by Mrs. Wilkes had been part of a still larger body of land, part of which larger body Mrs. Wilkes had acquired from Robert Daniel, and part from the heirs of A. McMillian.

They alleged that Thomas P. Fornea, under whom plaintiffs claimed, had never owned the land described in plaintiffs' petition, and that he did not own the timber thereon, for the reason that on June 27, 1907, he had sold the timber to Cranor Lumber Company. That on February 9, 1920, Slush and Hannan had acquired title to the land and timber in question by title from R. D. Fornea. They pleaded the prescription of ten and thirty years acquirenda causa in aid of their title; called Slush and Hannan in warranty, prayed that plaintiffs' petition be dismissed, but, in case they were cast, that there be like judgment against their warrantors.

Slush and Hannan appeared, and for answer denied plaintiffs' alleged ownership and possession. They denied that Thomas

P. Fornea, Sr., had ever owned the land described in the petition of the plaintiffs. They allege that they acquired the ownership of the land on which the timber in question is situated, as part of a tract of 400 acres, by title, from Mrs. Vandalia Wilkes. That their title from Mrs. Wilkes bears date March 2, 1905, and was duly recorded. That T. P. Fornea had by acts set out in their answer, recognized the location of the 400-acre tract which Mrs. Wilkes had owned, and had besides frequently admitted that he did not own the land which is now claimed by plaintiffs. That T. P. Fornea would be, if living, estopped from disputing same; that plaintiffs claiming under him were likewise estopped. That, although T. P. Fornea had never owned said land or the timber thereon, he sold the timber to Cranor Lumber Company. That said timber was subsequently adjudicated at sheriff's sale to First National Bank of Gulfport. They urged some further defenses, which will be subsequently mentioned. They pleaded the prescription of 10 and 30 years acquirenda causa in aid of their title, but do not specify which title, and called R. D. Fornea in warranty. They prayed that plaintiffs' petition be rejected; but, in case they were cast, that they have like judgment against R. D. Fornea.

R. D. Fornea appeared, and for answer to the demand of the plaintiffs admitted that his mother and himself had signed a title in favor of Slush and Hannan, which they took to be a quitclaim deed; that he had received but $50 for signing same. He prayed that the demand of the plaintiffs, as well as the call on him in warranty, be rejected.

The plaintiffs urge in their petition for rehearing that "the court erred in failing

to take notice of and consider the fact that defendant Baer & Thayer Hardwood Co. claimed the right to ₀cut the timber on the 100 acres ₀of land described in petitioners' suit only by reason of a deed from John H. Cassidy and Daniel E. Sheridan on the 3rd day of March 1920, in which deed the said defendants had until June 27th, 1922 to· cut· the timber, and therefore the said ·defendant was, as to these plaintiffs, nothing more than a trespasser, as against whom plaintiffs did not have to make out a title· good in all respects"—citing Union Sawmill Co. v. Starnes, 121 La. 554, 46 So. 649, and Gould v. Bebee, 134 La. 123, 63 So. 848.

That "the court erred in considering and acting on the several calls in warranty, and in considering the chain of title set up therein, for the reason that as defendant Baer & Thayer ·Hardwood Co., who cut the timber on the land, had no right under their deed from Cassidy and Sheridan to call them in warranty, as the deed on which the call is attempted to be made, itself, shows that Baer & Thayer Hardwood Co. had no right ·to cut the timber on the 100 acres in question after June 27th, 1922, as stated above and as shown in the deed on which this defendant seeks to call their said vendors in warranty." These alleged errors will be considered together. Plaintiffs did not move to strike out the various calls in warranty, but argues that they should be disregarded on the ground that it appears from the record that defendant is a trespasser. A trespasser cannot call anybody in warranty to defend a trespass he has or is committing, but plaintiffs cannot have defendant classed and regarded as a trespasser, and, as such, denied the right to call its vendor in to defend the title which they have warranted, merely by alleging that it is such.

The defendant produced a title which calls for the timber in question, not immediately from Cassidy and Sheridan, as alleged by plaintiffs, but from Richard P. Baer & Co. The title calls for many thousand acres of standing timber, and purports to deliver possession of the same. It. involved as a whole the sum of $280,-697.78. The title to the timber was duly warranted and recorded. The timber was an immovable standing on the land, and was far more valuable than the land on which it stands. Richard P. Baer & Co. acquired the timber in question from Cassidy and Sheridan. The tract of land described in the petition of the plaintiffs is included in a tract of 400 acres, which was one of the tracts sold by Cassidy and Sheridan to Richard P. Baer & Co., by title calling, as a whole, for many thousands of acres of standing timber, and involved as a whole the sum of $191,118.76. The title purports to be a delivery of the timber and was duly warranted and recorded. Defendant Baer & Thayer Hardwood Company having taken over and assumed all the rights and obligations of Richard P. Baer & Co. in the title from Cassidy and Sheridan, it called Cassidy and Sheridan in warranty.

Cassidy and Sheridan produced a title from Slush and Hannan bearing date November 19, 1919, duly warranted and recorded, calling for 400 acres in the heirs of B. Carmen, headright No. 40, and in the B. Carmen headright 45, all in Tp. 2, S., R. 14 E. A detailed description which follows is omitted, the above reference being sufficient for the purposes of this decision.

The averment in plaintiffs' petition for rehearing, that it appears from this act that Cassidy and Sheridan had only until June 27, 1922, in which to cut and remove

the timber on the land, is a mistake. The act contains no such restriction.

Slush and Hannan bought this 400 acres of land with the timber thereon from Mrs. Vandalia Wilkes by title dated March 2, 1905, duly warranted and recorded and purporting to deliver the property.

It was established on the trial and the fact is admitted in plaintiffs' petition for rehearing, averment No. 7, that the 100 acres claimed by the plaintiff is included in the 400 acres known as the Wilkes tract.

It is therefore evident that defendant is not a trespasser.

It and its authors produced to the court each a warranted title duly recorded purporting a delivery of the property therein described. In such a situation it had the right to call Cassidy and Sheridan in warranty. They had the right to call in Slush and Hannan, and they the right to call in R. D. Fornea. Each of them had the right to deny the alleged ownership and possession of the plaintiffs, set up title and possession in themselves, and to resist the action of the plaintiffs, as they have done.

They have the right to stand on their titles and possession, and the plaintiffs, out of possession, cannot recover against defendant on the theory that it is a trespasser. Michel v. Stream, 48 La. Ann. 341, 19 So. 215; Russell v. Lang, 50 La. Ann. 37, 23 So. 113; Hornsby's Heirs v. Mc-Dermott, 19 La. 304, page 307; LeBlanc v. Nolan, 2 La. Ann. 223.

Our former opinion and decree on this subject is correct.

The plaintiffs next allege that the court failed to consider the fact that Cassidy and Sheridan admit in their answer that T. P. Fornea sold the timber on the land described in their petition to Cranor Lumber Company; that the deed from T. P. Fornea to Cranor Lumber Company, annexed to their answer, limits the time in which the timber in question may be cut, to June 27, 1922; that Cassidy and Sheridan thereby recognize the ownership of said timber by T. P. Fornea, and the limitation of time within which it might be cut; that Cassidy and Sheridan are thereby estopped from disputing the ownership of T. P. Fornea, and that of his heirs, citing Consolidated-Progressive Oil Corp. v. Standard Oil Co., 158 La. 982, 105 So. 36.

The plaintiffs do not allege in their petition any title under which T. P. Fornea owned and possessed the land described in their petition; but they opened their case by offering in evidence a title from Robert Daniel to T. P. Fornea, stating, in making the offering, that it was done with particular reference to the land described in the deed, as follows: "100 acres of land bounded north by T. P. Fornea; south by vendor; east by Manning Lake." They do not allege any estoppel against the defendant, but they contend in argument that Cassidy and Sheridan have, by the reference made in their answer to the sale from T. P. Fornea to Cranor Lumber Company, and by having annexed it to their answer, estopped themselves, as above stated, and that defendant, claiming under Cassidy and Sheridan, is likewise estopped.

Cassidy and Sheridan allege in averments Nos. 11, 12 and 13 of their answer that, although T. P. Fornea had never owned said land, he had sold the timber thereon to Cranor Lumber Company, and that such right as Cranor Lumber Company had under the act had been adjudicated at a sheriff's sale to First National Bank of Gulfport. It was evidently the

intention of the pleader to negative, not to recognize or admit the alleged rights of the plaintiffs.

Generally speaking, an estoppel will not be said to have been created by language contrary to the meaning of the pleader. In this case the language used should not be given the effect claimed by the plaintiffs.

The act from T. P. Fornea to Cranor Lumber Company does not state that the land therein described is the 100 acres acquired from Robert Daniel. It is probable that he intended the timber on the same, yet it may not have been, because it is evident from the boundaries of the 100 acres given in his title from Robert Daniel, also from the boundaries of the 280 acres of land, more or less, which Robert Daniel sold to Mrs. Wilkes, that Fornea owned other lands in the vicinity, and out of which the 100 acres described in the act in favor of Cranor Lumber Company might have been taken. But be that as it may, W. W. Connerly, agent for Slush and Hannan, some years after they had bought the 400 acres known as the Wilkes tract, learning that timber was being cut on it, went to the place, stopped the cutting and required the party who had done it to pay for the timber cut. It seems inferable from Mr. Connerly's testimony that the cutting emanated from a claim to 100 acres under Mr. Fornea. A discussion therefore took place between Mr. Fornea and himself in regard to the matter. Mr. Connerly testified:

"In discussing the matter as to his claim to 100 acres of the land—this was some years after Slush and Hannan bought it— T. P. Fornea told me that he had no claim on the Slush and Hannan tract at all, nor the 100 acres mentioned therein."

The evidence shows that, after Mrs. Wilkes had sold 400 acres to Slush and Hannan, T. P. Fornea decided to have 100 acres surveyed; the surveyor found that the 100 acres which Mr. Fornea desired him to survey was included in a tract of 400 acres which he had previously surveyed for Mrs. Wilkes. He thereupon stopped and requested Mr. Fornea to have the adjoining owners notified. Slush and Hannan, non-residents, had previous to this time bought the 400 acres from Mrs. Wilkes. They were not notified, but Fornea nevertheless caused an ex parte survey to be made of 100 acres. The 100 acres surveyed is the 100 acres on which he sold the timber to Cranor Lumber Company, and is the same described in the petition of the plaintiffs in this case. Mrs. Wilkes was shown to have acquired from Robert Daniel by title dated July 27, 1891, "A certain tract of land containing 280 acres more or less, bounded on the north by Thomas P. Fornea and Adolphus McMillian, deceased, and on the south and west by Adolphus McMillian, together with all the buildings and improvements thereon, and being the same land acquired by vendor from Andrews, Jeff and George."

And during the year 1890 to have acquired from the estate of Adolphus McMillian, deceased, 280 acres of land described as the south half of the tract conveyed to Adolphus McMillian and R. Warren by Elizabeth Manning, bounded north by lands of D. R. Warren; east by Robert Daniel; south by lands of A. C. Harvey, and west by ————. The two tracts made up a body of 560 acres, from which she sold and delivered to Adam Blackwell 200 acres, more or less, by title dated December 12, 1900, leaving 360 acres, more or less, which she subsequently sold as 400 acres to Slush and Hannan. It is evident that, on the question of title and possession, the plaintiffs had no superiority over the defendant and its authors. Plaintiffs

are seemingly aware that such is the situation, but claim that Cassidy and Sheridan have, by averments in their answer, recognized plaintiffs' right. These averments, however, when taken together, do not amount to the recognition which the plaintiffs claim from them; but are in fact a denial of the rights alleged by the plaintiffs. No estoppel was thereby created against the defendant under which plaintiffs are entitled to proceed against it as a trespasser.

Plaintiffs' argument on this subject is inseparably connected with the merits of the case. And the merits regarded, it does not appear that Thomas P. Fornea, Sr., ever had or claimed to have possession of any part of the 400 acres claimed by Mrs. Wilkes, and plaintiffs claiming possession under him, as his heirs, have no greater rights in that respect than he had. It is conceded that the timber in which the plaintiffs are claiming an interest is included in the Wilkes tract. Plaintiffs therefore cannot maintain an action of trespass against defendant on account of timber cut on the Wilkes tract.

In Hornsby's Heirs v. McDermott, 19 La. 304, page 307, the court said:

"Nor do the plaintiffs show possession under his deed, so as to authorize them to maintain this action, which appears to us to be strictly neither petitory nor possessory, but in the nature of an action of trespass quare clausum fregit."

In LeBlanc v. Nolan, 2 La. Ann. 223, the court said:

"Although, in actions of trespass, enquiry is restricted exclusively to the questions of possession, and of damages resulting from the injury complained of, yet when the defendant asserts an adverse possession, the title under which he holds may be exhibited in support of that possession. This production of title does not authorize an adjudication upon the question of property, but is admissible to show the beginning and the extent of the possession."

In actions of trespass there can be no examination into title. Gardiner v. Thibodeau, 14 La. Ann. 732; Daigre v. Levin & Co., 48 La. Ann. 414, 19 So. 336; Ramos Lumber & Mfg. Co. v. Labarre, 116 La. 560, pages 583 and 584, 40 So. 898.

Plaintiffs allege, as error, that the court failed to consider and give effect to the deed which Slush and Hannan obtained from Mrs. Mary A. Fornea and R. D. Fornea on February 9, 1920, paying them $500 therefor. That said deed was a recognition on the part of Slush and Hannan of the heirs of T. P. Fornea as the owners of the land described in plaintiffs' petition.

Slush and Hannan allege in their answer, with reference to this deed, averment No. 17, "That at the time they started to sell the land to Cassidy and Sheridan, R. D. Fornea made a certain claim to 100 acres of land in the body of land, and in order to avoid litigation and to forever set at rest any doubt about the purported claim, Cassidy and Sheridan put up $250.00 and respondent put up $250.00 and paid to the said R. D. Fornea $500.00, obtaining from the said R. D. Fornea a warranty title to the entire Wilkes or Slush and Hannan tract of land."

B. D. Talley, M. W. Ott, J. H. Cassidy, and D. E. Sheridan testifying on the subject say, in effect, that they did not consider R. D. Fornea as having any just claim to any part of the property, but that they took title from him and Mrs. Mary A. Fornea, his mother, and paid him the money, to prevent delay and avoid breaking up the sale which was about to take place. The purchase of such a claim for such a purpose is permissible under the law. Civ. Code arts. 2451, 495, and 2443. But if nullity exists it is in the act

in question and not that obtained by Slush and Hannan from Mrs. Wilkes on March 2, 1905.

The title from Mrs. Mary A. Fornea and R. D. Fornea to Slush and Hannan calls for 400 acres more or less, said in the act to be the same land which the said Matthew Slush and Mrs. Jessie W. Hannan had acquired from Mrs. Wilkes on March 2, 1905. Mrs. Mary A. Fornea is the widow in community of Thomas P. Fornea, and the 100 acres which he acquired from Robert Daniel on December 28, 1885, was an acquisition of their community. But she does not appear in the act as his widow in community for the purpose of selling her interest as such in said land or in part of the same. R. D. Fornea is one of the nine children left by T. P. Fornea, but he does not appear in the act in the quality of heir, nor purport to sell an interest in the land as such. R. D. Fornea, examined on the subject of his interest in the 100 acres claimed by plaintiffs, did not claim any as heir of his father. He testified in effect that his father never had any interest.

Mrs. Mary A. Fornea, examined as a witness, claimed that her husband possessed 100 acres of land which he had pointed out to her, and which she took to be the land claimed by the plaintiffs. The testimony on the subject as a whole tends to bear out the claims of Messrs. Talley, Ott, Cassidy, and Sheridan, that their reason for taking title from Mrs. Fornea and R. D. Fornea was as alleged in the answer of Slush and Hannan. Under such a showing it will not be held that defendant and its authors have recognized plaintiffs' alleged ownership and possession and estopped themselves from setting up their own.

Another alleged error in the petition for rehearing is that the court failed to consider and sustain a plea of estoppel urged against Baer & Thayer Hardwood Company, which plaintiffs allege came about in this way:

Slush and Hannan, after selling to Cassidy and Sheridan the timber on the Wilkes tract, sold the land to R. D. Fornea by title dated January 13, 1925. Thereafter, to-wit, on April 3, 1928, R. D. Fornea and Baer & Thayer Hardwood Company entered into an agreement which states that R. D. Fornea owned 400 acres of land which was described, and whereas Baer & Thayer Hardwood Company owned the timber on the above-described land, and whereas the right to cut and remove part of the timber described in the act had expired on June 27, 1928, that part on which the right had expired being described in the act, the description being that of the 100 acres described in the petition of the plaintiffs, while the right to remove all the other timber on the above-described property would not expire until February 19, 1931. The parties then entered into an agreement under which the right to cut and remove the timber from the 100 acres mentioned was extended to February 19, 1931. Plaintiffs contend that defendant by this agreement recognized the time limit for cutting the timber, as fixed in the title from T. P. Fornea to Cranor Lumber Company; recognized the ownership of the timber thereon in R. D. Fornea, as one of the heirs of T. P. Fornea. That such recognition also established plaintiffs' rights in said 100 acres and estopped defendant from disputing same, etc.

But the right of R. D. Fornea under this agreement with Baer & Thayer Hardwood

Company was not derived from T. P. Fornea, but from Slush and Hannan, and their right was derived from Mrs. Vandalia Wilkes. It therefore follows that the agreement in question does not concern the plaintiff; it is no ground for an estoppel in their behalf, because whatever right R. D. Fornea had in the timber at that time was under his title to the land from Slush and Hannan executed January, 1925. He could not have had at the time of said agreement with Baer & Thayer Hardwood Company any right in the standing timber, as heir of his father; because if he ever had any, he conveyed it to Slush and Hannan by the title which he had signed in their favor on February 9, 1920, heretofore mentioned.

Certainly no estoppel, such as plaintiffs claim, can grow out of an agreement based entirely on the rights of Slush and Hannan, and which they had acquired from Mrs. Wilkes.

Another contention of the plaintiffs is that the court took the mistaken position that the question at issue was whether or not the timber cut was located on the land described in the petition; whereas there was no question that the timber had been cut from the land described in their petition.

The opinion of this court says in stating the case, "The defendant company * * * admits that it has cut and removed from the land described in their petition 200,-000 feet of timber," etc. This statement is correct.

But we later say: "It therefore appears that plaintiffs failed to prove by the surveyor and their witnesses that the timber was cut from the land claimed in their petition." What we had in mind and should have said was that the plaintiffs had failed to prove possession of the timber claimed in their petition. The language erroneously used is withdrawn from the opinion. The opinion contains a further error in that we say: "He also stated, however, that he had subsequently surveyed 400 acres of land for Mrs. Wilkes." The word "previously" should have been used instead of the word "subsequently." This mistake is likewise corrected.

The plaintiffs lastly allege that we "erred in holding that there was a controversy as to whether or not the 100 acres in question is located within the 400 acres known as the Wilkes tract."

The opinion holds that the 100 acres claimed by the plaintiffs is part of the 400 acres known as the Wilkes tract.

Plaintiffs' further statement in the same averment, to the effect that, even if the defendant could be permitted to trace their titles back to Robert Daniel, the title from T. P. Fornea, under whom plaintiffs claim, antedates and primes any title from the alleged common author, is not acted on for the reason that the question of title is not involved in this suit further than is necessary, as an incident to the action of trespass. The remaining part of averment No. 7 is the restatement of previous matters urged by plaintiffs and acted on by us in dealing with previous averments.

We will say in conclusion that the location and boundary limits of the "100 acres of land, bounded north by T. P. Fornea; south by vendor; east by Manning Lake" belonging to the widow and heirs of Thomas P. Fornea, and that of the larger body of adjoining land on which de-

fendant owns certain timber, and which land formerly belonged to Mrs. Vandalia Wilkes, has evidently never been fixed and determined, as the law provides. It is not our intention, by our opinion and decree in this case, to prevent or prejudice an action for that purpose by anybody having proper interest. In this connection we have noticed that the judgment appealed from decrees defendant to be the owner of the property described in plaintiffs' petition.

The decree is to that extent erroneous, for the reason that the question of title is not an issue in an action of trespass.

There is no prayer by the plaintiffs nor defendants for such a decree. Our decree affirming the judgment appealed from is to that extent erroneous, because the judgment appealed from should be affirmed only as amended. For these reasons that part of the judgment appealed from which reads, "and decreeing the defendant to be the owner of the property described in plaintiffs' petition," is annulled and set aside, but, being correct in all other respects, it is now affirmed as corrected. Our former opinion and decree is also amended as to the matters in which we find that it contains mistakes, and it is further amended so as to affirm the judgment appealed from only as amended. And as thus amended and corrected, our former opinion and decree herein is correct, and as such it is now reinstated and made final; the same not to operate to prevent or prejudice an action for the purpose of locating and fixing the boundary limits of the two tracts of land hereinabove mentioned by anybody having a proper interest in either of said tracts.

Appellants herein to pay the cost in the lower court, appellee the cost of appeal.