Conery et al. vs. Waterworks Company et als.

## No. 9693.

EDWARD CONERY, JR., ET AL., VS. THE NEW ORLEANS WATERWORKS COMPANY ET ALS.

Taxpayers have a standing in court to contest, upon proper charges, the validity of a municipal ordinance and contract executed under it, whenever its enforcement may increase the burden of taxation. A district court, the lower limit of whose jurisdiction is fixed, has jurisdiction to pass on a controversy when the matter in dispute, which is the value of the contract assailed, exceeds that limit; and the Supreme Court has jurisdiction when that value exceeds $2,000. Handy et al. vs. City of New Orleans re-affirmed.

Where an exception is filed denying the capacity or right of the plaintiff to sue or stand in judgment, and together with this exception an answer to the merits or a peremptory exception determinative of the case, and the lower court sustained the first exception and dismisses the suit, this Court, on reversing that judgment, will remand the cause to be tried on the other issues raised by the pleadings.

APPEAL from the Civil District Court for the Parish of Orleans. *Lazarus*, J.

*E. H. Farrar, R. H. Browne, E. D. White* and *C. E. Schmidt* for Plaintiffs and Appellants:

1. The district courts of this State are courts of superior and general jurisdiction, with as full power to issue the writ of injunction in all proper cases as any Lord High Chancellor.

2. One or more resident taxpayers has the right to invoke that jurisdiction. without any allegation or proof of special injury or damage, to restrain municipal corporations and municipal officers from making unlawful disposition of corporate funds or corporate property, the creation of illegal debts and the making of void contracts increasing the burden of taxation.

3. In such cases the thing sought to be enjoined is the subject matter of the controversy, and the measure of the jurisdiction of the court.

4. In such cases, it is the settled doctrine of all the courts of this country, State and Federal (except New York, where it has been settled by statute), that the taxpayer stands in judgment for the whole community, irrespective of the distributive interest he may have in the matter at issue. *Pro hac vice*, he is considered as the payer of all the taxes. Crampton vs. Zabriskie, 101 U. S. 601; Gifford vs. R. R. Co., 10 N. J., Eq. 171; Baltimore vs. Gill, 31 Md. 375; Wade vs. Richmond, 18 Gratt (Va.) 583; Page vs. Allen. 58 Pa. St. 338; New London vs. Brainard, 22 Conn. 552; Harvey vs. Indianapolis. 32 Ind. 244; Barr vs. Deniston. 19 N. H., 170; Stevens vs. R. R. Co., 29 Vt. 546; Webster vs. Harrington, 32 Conn. 131; Terrell vs. Sharon, 34 Conn. 105; Merrell vs. Plainfield, 45 N. H. 126: Normand vs. Coe, 8 Neb. 18; Oliver vs. Keightley, 24 Ind. 514; Drake vs. Phillips, 40 Ill. 388; Grant vs. Davenport, 36 Iowa 396; Douglas vs. Placerville, 18 Cal. 643; Smith vs. Majaivick, 44 Ga. 163; Newmeyer vs. M. & M. R. R. Co., 52 Mo. 81; Wright vs. Bishop, 88 Ill. 302: Rice vs. Smith, 9 Iowa, 570; Place vs. Providence, 12 R. I. 1; Allison vs. Ry. Co. 9 Bush (Ky.) 247; Bound vs. R. R. Co., 45 Wis. 543; Elyton Land Co. vs. Ayres, 62 Ala. 413; Bayle vs. City of New Orleans, 8 Am. and Eng. Corp. cases 329; White vs. Co. Com. 12 Id. 485; Whelen's case, 11 Id. 174; City of Delphi vs. Sturzman et al., 11 Id. 37: City of Valparaiso et al. vs. Gardner. 7 Id. 626; Roper vs. McWhorter et al., 4 Id. 360; Sacket vs. New Albany, 3 Id. 85; Ayer vs. Lawrence, 59 N. Y. 192: Dillon Mun. Corp., § 731 to § 737.

5. This doctrine has been repeatedly recognized in Louisiana. Flagg vs. St. Charles, 27 Ann. 319; Babington vs. same, Ib. 321; Stevenson vs. Weber, 29 Ann. 105; Taxpayers'

Association vs. City of N. O. et als., 33 Ann. 567; Saloy et al. vs. City of New Orleans, Ib. 79; Rivet et al. vs. City, 35 Ann. 134.

*J. R. Beckwith* for Defendants and Appellees:

To authorize a taxpayer to stand as plaintiff in a suit having for its object the rescission of a contract made by a municipal corporation, the plaintiff must not only show that he is a taxpayer, but set forth and disclose in his petition a state of facts which, if true, render the contract assailed absolutely void, not simply voidable. People vs. Mayor, etc., of Brooklyn, 4 Comst. 419; Dillon on M. C., § 55; Spaulding vs. Lowell, 23 Pick. 71; Hodge vs. Buffalo, 2 Denio 110; Smith vs. Madison, 7 Ind. 86; Kyle vs. Malin, 7 Ind. 34-37; Livingston vs. Peppin, 31 Ala. 515; Mayor vs. Cabot, 28 Ga. Rep. 50; Wells vs. Atlanta, 43 Ga. Rep. 76; City of Vincennes vs. Callender. 86 Ind. 484; Valparaiso vs. Gardner, 97 Ind. 2; Jones vs. Richmond, 18 Grattan, Va. 517; Smith vs. Richmond, 15 Wall 429; Willard vs. Newburyport, 12 Pick. 229.

Every municipal corporation has all of the power of administration of local municipal affairs expressly granted in its charter, and all incidental powers necessary to carry such powers into execution and effect and operation. Cases above cited and Dillon on Mun. Corp. 55, and cases there cited in note.

A municipal corporation with power to sue and be sued has authority to settle its contentions by compromise. This right also grows out of its authority to create debts and incur liabilities. Dillon on Mun. Corp., § 398; Bean vs. Jay, 23 Maine 117. 121; Meech vs. Buffalo, 29 N. Y. 198; Baileyville vs. Lowell, 20 Maine 178; Nelson vs. Milford, 7 Pick. 18; Augusta vs. Ledbeater, 16 Maine 45; People vs. Supervisors. 27 Cal. 655; People vs. Coon. 25 Cal. 648; Melville vs. Dixfield. 30 Maine 157; Petersburg vs. Maffin, 14 Ill. 193; Dillon on Mun. Corp., § 398.

Any consideration which will make a valuable consideration for a contract between individuals will constitute a valid consideration in a contract by or with a municipal corporation, a moral obligation alone is sufficient to support a promise of a municipal corporation, if sufficient to support a promise if the same state of things existed between individuals. Gilford vs. Supervisors, 13 N. Y. (3 Kern) 149; Same case, 24 Wend. and 18 Barb. 615; Dillon on Mun. Corp., § 44; Brewster vs. Syracuse. 19 N. Y. 116; People vs. Mayor, etc., of Brooklyn, 4 Comst. 419; Thomas vs. Leland, 24 Wend. 65; Shelby County vs. Railroad Company, 5 Bush (Ky.) 225; Philadelphia vs. Field, 58 Pa. St. 320; Cooley on Constitutional Limitations, 380, 491; Blanding vs. Burr, 13 Cal. 343; People vs. Onandaga, 16 Mich. 254; Lycoming vs. Union, 15 Pa. St. 166; Nelson vs. Milford, 7 Pick. 18; Pike vs. Middleton, 12 N. H. 281; Briggs vs. Whipple, 6 Vt. 95.

Under the general power and duty vested in municipal corporations to provide for the protection of public health and the extinguishment of fires, the corporate authorities have power to contract for a public water supply, and are the sole judges of the best means of obtaining the same, and their discretion in this respect is not subject to review by the courts, unless the means adopted are expressly prohibited by law. Town of Livingston vs. Peppin, 31 Ala. Rep. 545; Mayor et al. vs. Cabot, 28 Ga. Rep. 50; Wells vs. Atlanta, 73 Ga. Rep. 76; Vincennes vs. Callender, 86 Ind. 484; Valparaiso vs. Gardner, 97 Ind. 2; Dillon on Mun. Corp., §§ 58, 59; Railroad vs. Evansville, 15 Ind. 395; Page vs. St. Louis, 20 Mo. 136; Railroad Company vs. New York, 1 Hilton (N. Y.) 562; Hale vs. Houghton, 8 Mich. 458.

*Blanc & Butler* and *G. A. Breaux* on the same side.

The opinion of the Court was delivered by

TODD, J.  This is an action on the part of the plaintiffs, residents of the city of New Orleans, alleging themselves to be taxpayers to the

city in a sum exceeding $10,000, against the city of New Orleans and the New Orleans Waterworks Company and others, seeking to restrain the execution of a contract entered into between the city and the said Waterworks Company on the 3d of October, 1884, and to prevent the council of the city from making any appropriations out of the public treasury in furtherance of the contract and the ordinance authorizing it; and further asking that said "contract and ordinance be declared null and void."

The petition charges as the ground of nullity that said contract and ordinance violate expressly the terms of the charter of the company, and are *ultra vires,* unconstitutional, null and void; and sets forth at great length the causes or reasons of the illegality and nullity propounded.

To this petition the city of New Orleans filed the following exceptions:

1.  That plaintiffs have no capacity to stand in judgment.

2.  That the petition disclosed no cause of action.

The Waterworks Company presented exceptions, which though differently formulated were in substance the same as the above.

The judge *a quo,* for reasons assigned in a lengthy and elaborate opinion, sustained the exception as to the right or capacity of the plaintiffs to maintain the action or stand in judgment, and dismissed the suit.

From this judgment the plaintiffs appealed.

This precise question was invoked in the case of Handy et al. vs. City of New Orleans, recently decided and not yet reported.

Like the instant one, that was a case where a number of taxpayers and residents of the city joined in a suit for the annulment of a contract and ordinance of the city touching the wharf lease, on grounds very similar in every respect to those urged in the case before us.

We quote from the syllabus of that case to show the identity of the questions involved in the two cases, and how they were decided:

"Taxpayers have a standing in court to contest upon proper charges the validity of a municipal ordinance and contract executed under it, whenever its enforcement may increase the burden of taxation.

"A district court, the lower limit of whose jurisdiction is fixed, has jurisdiction to pass on such controversy when the matter in dispute,

which is the value of the contract, exceeds that limit; and the Supreme Court has jurisdiction on appeal when the value exceeds $2000."

It plainly appears, therefore, from this recent ruling of this Court, amply supported by the authorities cited in the opinion, that in the instant case the decision of the lower court upon the exception in question was erroneous.

Notwithstanding that this question of the rights or capacity of the parties to stand in judgment was the sole question decided by the court *a qua*, as abundantly shown by the reasons therein assigned for the judgment rendered; yet the counsel on both sides have indulged in a lengthy and very able discussion of the exception as to "no cause of action" filed, but not determined in the court below.

We have examined thoroughly the record of the case, and are satisfied that there exists little or no dispute as to the facts out of which this controversy has grown; and that therefore the determination of the exception of "no cause of action" will determine fully the merits of the cause. This vital issue has not been passed upon or even considered by the judge *a quo*, as we learn from his written opinion in the record.

It is the province of the appellate court to review the proceedings of the inferior court, and to determine whether its rulings and decrees therein embraced are right or wrong, and not to deal with matters and issues distinctly presented by the pleadings but not considered or decided by that court. 19 L. 207; 9 R. 256; 7 Ann. 622; 10 Ann. 552; 11 Ann. 746; 15 Ann. 159.

We conclude, therefore, that it is proper to remand the cause, that the all-important issue raised by the exception referred to, not passed on by the court of the first instance, may be there tried and determined.

It is, therefore, ordered, adjudged and decreed that the judgment of the lower court sustaining the exception touching the right or capacity of the plaintiffs to maintain the suit and stand in judgment and questioning the jurisdiction of the court, be and the same is hereby reversed and the cause remanded to be proceeded with according to law; the costs of the lower court thus far incurred in the exception overruled and of this appeal to be paid by appellees, and the further costs to abide the final issue of the case.