No. 2467

First Circuit

## JOHNSON v. SYLVESTER

(Jan. 7, 1927. Opinion and Decree.)
(Feb. 12, 1927. Rehearing Refused.)

(*Syllabus by the Editor.*)

1. **Louisiana Digest—Trespass—Par. 17.**

It is not necessary in an action of trespass for the plaintiff to allege any more than his ownership of the land and the trespass complained of.

2. **Louisiana Digest—Trespass—Par. 7, 18.**

Where the evidence shows that land from which defendant cut timber belongs to the defendant and not to the plaintiff, who sued in an action of trespass, there will be judgment for defendant.

3. **Louisiana Digest—Surveyors and Surveys—Par. 10, 11, 24.**

A surveyor's testimony, uncontradicted, that the dividing line between the lands of plaintiff and defendant had been set and that plaintiff was present at the time and appeared to be satisfied, will be considered correct by the court.

4. **Louisiana Digest—Acts—Par. 33.**

Under Article 854 of the Civil Code, where one sells land described by boundary lines which contain a greater quantity than that called for in the title, the purchaser takes all the land within the boundaries.

Appeal from the District Court, Parish of Evangeline. Hon. B. H. Pavy, Judge.

Action by Jules Johnson against Oscar Sylvester.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

O. E. Guillory, of Ville Platte, attorney for plaintiff, appellant.

J. Hugo Dore, of Ville Platte, attorney for defendant, appellee.

ELLIOTT, J. Action of trespass, in which the plaintiff alleges himself to be the true and legal owner of certain lands described in his petition, and without setting out his title and not alleging himself to have possession of the land and not praying to be recognized as the owner of the same, prays for judgment against the defendant for the value of the cordwood alleged to have been cut and removed by the defendant from the same.

Jules Johnson alleging himself to be the true and legal owner of a tract of woods land, described in his petition, and that Oscar Sylvester had cut and removed 1500 cords of stove and firewood from the same, prays for judgment against Sylvester for the value of the wood. Plaintiff does not set out his title, allege possession, nor pray to be recognized as the owner of the land, but for judgment for the cordwood cut and removed therefrom by defendant. The plaintiff alleges that the defendant had no right or authority to cut and remove the wood; that he did it with full knowledge that same did not belong to him and alleges in a supplemental petition that the defendant knew at the time of cutting the wood that same belonged to the plaintiff.

The defendant excepted to plaintiff's petition on the ground that it was vague and the plaintiff was ordered by the court to make his petition more explicit in the matter of title and as to the dates on which the wood was cut. In response to this order the plaintiff alleged that he had no present recollection of the date of

the title, that he had called at the office of the clerk of court for the purpose of getting the date, but was informed that his title had been withdrawn by the attorney for the defendant. That as for the cutting of the timber, it had only come to his knowledge during the spring of 1925, a short time before the institution of the suit.

Defendant then excepted to plaintiff's demand on the ground that his petition, supplemental and amended, set forth no cause of action, which was by the court referred to the merits. The defendant then answered, denying that the plaintiff was the owner of the land described·in his petition; alleged that he was the owner and bona fide possessor of the same by title in due form duly recorded and set out his chain of title, apparently without break; back to the government in 1856. Alleged continuous, unequivocal, open and public possession in himself as owner, through his authors in title for more than thirty years. He pleaded the prescriptions of one, five, ten and thirty years in bar of plaintiff's demand, urged a plea of estoppel and prayed that plaintiff's demand be rejected. The court rejected plaintiff's demand and he appealed.

There is some question before this court as to plaintiff's right of action. His petition does not appear to be different from those sustained by the Supreme Court in Harang vs. Bowie Lbr. Co., 145 La. 98, 81 So. 769; Interstate Trust & Banking Co. vs. Picard & Geismar, 147 La. 430, 85 So. 65; Pfister vs. St. Bernard Cypress Co., 155 La. 575, 99 So. 454.

On the merits plaintiff did not show himself to be the owner of the land described in his petition and from which the timber in question was cut and removed by the defendant. The act under private

signature in plaintiff's favor signed by Jules Molitor and others, which the plaintiff offered in evidence, bears no date. The signatures were proved on May 30, 1925, and it was recorded on August 19, 1925, in the conveyance records of the Parish of Evangeline.

This act states that the parties who signed it are the heirs of Octave Molitor, a predeceased son of August Molitor, and they convey to the plaintiff in consideration of $2.50 all their right, title and interest in and to the land described in plaintiff's petition; but the act proves very little on that subject. The act does not state what rights the parties had, nor what rights their ancestors left them in the land, and on the trial of the case, it was not established that their ancestors had any rights in the land in question at the time of their death. It was not shown that the act conveyed anything to the plaintiff. The plaintiff also introduced in evidence another act in his favor for the land·described in his petition, signed by Theogene Johnson, dated June 8, 1925, and recorded in the conveyance records of the Parish of Evangeline on June 9, 1925. This act states that the property described in it, is part of the same property which the vendor acquired from the heirs of August Molitor and wife, both deceased, and from the heirs of Sarah Teal, widow of Eli Nash, both deceased, and also conveys to the plaintiff all vendor's rights and actions for timber cut and removed from the land by any third person without title and right thereto.

This title likewise proves very little on the subject of ownership, for the reason that no title was adduced on the trial from the heirs of August Molitor and wife, nor from the heirs of·Sarah Teal, widow of Eli Nash, in favor of Theogene John-

son, covering the land in question, and no evidence was adduced on the trial showing a deraignment of title for the land from said parties or their heirs to Theogene Johnson, under whom plaintiff claims to own.

Some showing of that kind on the part of the plaintiff was very necessary, because Oscar Sylvester, the defendant, claims title to the land in question by deraignment from Sarah Teal and August Molitor. A title from Sarah Teal to Hawkins and from August Molitor to Wiggins, was offered in evidence on the trial by the defendant as links in his chain of title to the land in question. The act from Jules Molitor and others in favor of the plaintiff and that from Theogene Johnson in his favor were the only titles which the plaintiff offered in evidence. These acts commence plaintiff's claim to the land in June and August, 1925, and are utterly insufficient against the better, more ancient and credible showing adduced by the defendant in support of his ownership of the land in question. The title of defendant, acquired by him from Andre Johnson and by him apparently from plaintiff, describes defendant's land by boundaries.

Albert Tate, a surveyor called as a witness on the subject, testified without contradiction and without pretense to the contrary, that the boundaries called for by defendant's title includes a greater area than that called for in the act, but that the boundaries called for by defendant's title includes the land described in the petition of the plaintiff. He declares that he ran the dividing line between the plaintiff and defendant, according to their respective titles, that of the plaintiff from Andre Johnson and that of defendant under R. M. Hollier, and that the boundaries called for by defendant's title includes the land described in the petition of the plaintiff. That plaintiff was present at the time and appeared to be satisfied.

There was no effort made on the trial to show that the testimony of Mr. Tate was incorrect. Under the law, the land from which the timber in question was cut and removed, belongs to the defendant. Civil Code, Art. 854.

The judgment appealed from was correct. Judgment affirmed, the plaintiff and appellant to pay the cost in both courts.