OVERTON, J.
 

 This is a suit in which plaintiff demands $12,240 damages for trespass. The trespass consists of cutting and removing cypress timber from land in Assumption parish, claimed by plaintiffs, two of whom claim an undivided half interest in the land as heirs of their deceased mother, who was the wife of the remaining plaintiff Charles L. Triche. The defense is a denial that defendant cut and removed any cypress trees from the land described as belonging to plaintiffs, with the exception of 110 trees, acquired by it from Jean Cavaliere, a denial of the quantity alleged to have been cut, and the prescription of one year, established by articles 3586 and 3537 of the Civil Code.
 

 The case was tried. On the trial plaintiffs dismissed their demand for cypress cut and removed from the west half of the land claimed by them, thereby confining the demand to timber cut on the east half of the tract, which is that part of it set out in articles 4 and 5 of their petition.
 

 The trial court found, after hearing the evidence, that plaintiffs had not established their claim of ownership with the degree of certainty necessary to support ■ a judgment, and therefore nonsuited them. Having so found, it felt it to'be unnecessary to consider the plea of prescription.
 

 Plaintiffs have appealed, and defendant has filed an answer to the appeal praying that the judgment be amended by rejecting plaintiffs’ demand absolutely, instead of as of non-suit.
 

 Plaintiffs offered the deeds under which they claim title. One of them purports to be a deed to the whole property from Mrs. Zelamie Blanchard Dugas and Ambroise Blanchard, the latter acting through his agent, Clairville Dugas, to the plaintiff Charles L. Triche, through which deed the two remaining plaintiffs claim by inheritance from their mother. While the deed recites that one of the vendors is represented by Du-gas and while Dugas signs for him, the record discloses no power of attorney authorizing Dugas to do so. The plaintiffs also offered a deed purporting to be from Clementine’ Blanchard Gondran and from Sedalie Blanchard Broussard, acting through their agent, dairviUe Dugas, to the plaintiff Triche, conveying, as did the first deed,-the whole property. While Dugas executed the deed for these vendors, the record does not disclose a power of attorney from them authorizing him to do so.
 

 As will appear from the foregoing, only one of the vendors out of four signed the deeds, the remaining acting through an agent, whose power does not appear. Therefore it does not appear that plaintiffs have title apparently to three-fourths of the property.
 

 Plaintiffs allege that the property claimed-by them is situated in the S. W. % of Sec. 3, Tp. 13 S., R. 12 E., but is erroneously described in several of the acts of sale, through which they claim, so as to make it a part of the N. W. %, instead of the S.'W. %, of Sec. 3. They also allege that none of the vendors in their chain of title owned land, at any time, in the N. Wi of Sec. 3, but only in the S. W. % thereof.
 

 
 *515
 
 Some of the deeds show, as alleged, thai the property conveyed is in the N. W. 1/i. 01 eec. 3, instead of the S. W. 1% of that see tion, but no effort was made to show, 1101 does the record disclose, that errors in de seription were made, and, if so, whether thE intention was to convey the S. W. 14 of thE section.
 

 Each of the sales by which Triche claims to have ae~uired recites that the property was acquired by his vendors from their deceased father, 3. B. Blanchard. However, there is no proof of any description showing who were the heirs of Blanchard, although this proof constitutes a link in the chain of title.
 

 While one suing a trespasser is not called upon to establish a title good as against the world, when he relies upon title to recover, nevertheless, he must show an apparently good title, that is to say, one which upon its face seems to convey title. Union Sawmill Co. v. Starnes, 121 La. 554, 46 So. 649; Stille v. Shull, 41 La. Ann. 816, 6 So. 634; Tircuit v. Burton-Swartz Cypress Co., 162 La. 334, 110 So. 489. We think that the defects, pointed out, considered together, show that plaintiffs have not established an apparently good title. If plaintiffs had ac~ual possession of the land, they might invoke Uaat possession to enable them to recover, but Uie record fails to disclose that they had actnal possession, but shows rather to the conIrary.
 

 Defendant, as we have said, has asked es in its answer, without referring to the plea cf prescription, to make the judgment of sonsuit an absolute judgment. It has also 3iscussed the plea of prescription in oral ar~ument and in its brief, and has asked us to consider the plea. The trial judge did not consider the plea. Plaintiffs have not briefed it. Without expressing any view on the plea, we think we should have an expression of opinion concerning it from tile trial judge, before passing upon it, especially as the plea involves questions of fact. Cf. Conery v. New Orleans Water-Works Co., 39 La. Ann. 770, 773, 2 So. 555.
 

 Our conclusion is that the case should be remanded to enable plaintiffs to correct the foregoing deficiencies, if it is able so to do, and to give both sides an opportunity to strengthen their case, should either desire it, by the introduction of additional evidence. To remand the case, it will be necessary to~ set aside the judgment.
 

 For the reasons assigned, the judgment is set aside, and the case is remanded for the purposes stated in the premises, especially in the last paragraph thereof, including the ren~ dering of judgment, plaintiffs to pay the costs of this appeal, and the costs of the lower court to abide the final determination of the case.
 

 O'NIELL, 0. ~I., absent