## TRICHE et al. v. BROWNELL–DREWS LUMBER CO.

### No. 32433.

### April 23, 1934.

Simmons, Simmons & Dolese, of Napoleonville, for appellants.

H. G. Bloch, of New Orleans, and Charles T. Wortham, of Donaldsonville, for appellee.

O'NIELL, Chief Justice.

This is a suit for damages for an alleged trespass, for the value of timber taken by the defendant from a tract of land claimed by the plaintiffs. The case was tried twice in the district court. On the first trial the judge rendered a judgment of nonsuit because of the plaintiffs' failure to prove the alleged ownership of the land from which the timber was taken. The plaintiffs appealed from the judgment, and, on appeal, this court set aside the decision and remanded the case for further proof. Triche v. Brownell-Drews Lumber Co., 174 La. 512, 141 So. 44. The court found three defects in the plaintiffs' chain of title, viz.: First, certain powers of attorney, by virtue of which an agent sold the land to the ancestor of the plaintiffs, and which powers of attorney were said to be annexed to the deeds, were in fact not annexed to the deeds or offered in evidence; second, there was no evidence offered to prove that the parties from whom the plaintiffs' ancestor bought the land, and who claimed title by inheritance from J. B. Blanchard, were in fact the heirs of Blanchard; and, third, there was no evidence introduced to sustain the plaintiffs' allegation that the land which they claimed, and which is in the S. W. ¼ of Sec. 3, was erroneously described in their deeds as being in the N. W. ¼ of Sec. 3.

On the second trial plaintiffs proved that the parties from whom their ancestor claimed title were the heirs of J. B. Blanchard; and they introduced in evidence the powers of attorney from the Blanchard heirs to the agent who sold the land to their ancestor. But they did not offer proof of the alleged error in their deeds, to the effect that the description of land in the N. W. ¼ of Sec. 3 was intended to describe the land in the S. W. ¼ of Sec. 3, from which the timber was taken by the defendant. The district judge therefore again rendered a judgment of nonsuit. In

an application for a new trial the plaintiffs asked for a reversal of the judgment, but, in the alternative, they asked, if the suit should be dismissed, that the demand should be rejected finally, and not as in case of nonsuit. The judge then reconsidered the matter and rejected the plaintiffs' demand. They have appealed from the decision.

The appellants contend that the reason why they did not prove that the description of land in N. W. ¼ of Sec. 3, in the deeds under which they claimed title to the land in the S. W. ¼ of Sec. 3, was made in error and with the intention of describing the land in the S. W. ¼ of Sec. 3, was that the judge sustained an objection to the testimony of J. O. Waitis, a surveyor, who would have proven and explained the error if he had been allowed to testify; and the appellants contend that the judge's ruling on the testimony of the surveyor should be reversed. The ruling, however, was made on the first trial of the case, and therefore must be considered as having been disposed of by the decree of this court, remanding the case for additional evidence. No evidence of the alleged error was offered on the second trial. And the record of the first trial shows that, when the testimony of the surveyor, Waitis, was objected to, the attorney for the plaintiffs withdrew the question. It does not appear that the plaintiffs were not allowed to prove the alleged error on the first trial; but, if they were not allowed to prove the alleged error on the first trial, they should have offered to prove it on the second trial, when the case was remanded for further proof, if they intended to complain of the ruling on another appeal. According to the record before us,

the plaintiffs have no title to the land from which the timber was taken.

As the judgment must be affirmed for the reason which we have stated, it is not necessary to consider the plea of prescription which the defendant set up, and which also the district judge considered a sufficient defense.

The judgment is affirmed.

ST. PAUL, J., absent.