In December, 1940, the defendants who own land adjoining lands of plaintiff, moved a fence which had served as a boundary between the two properties for several years and placed this fence from 700 to 1000 feet further over on the land occupied and claimed by the plaintiff, thus increasing the acreage of the land of the defendants 75 or 80 acres, according to plaintiff, but much less than that acreage according to the defendants.
The plaintiff brought a possessory action against the defendants to be restored to *Page 20 
the possession of the tract of land of which he had been dispossessed by the removal of the fence by the defendants and their taking possession of the land between the old and the new fence. The plaintiff reserved his right to sue the defendants for damages for the illegal trespass on his property and for the disturbance caused by the defendants. A judgment was rendered in that suit in favor of the plaintiff restoring to him the possession of the strip of land, and by means of a mandatory and prohibitory injunction, the defendants were ordered to take down the new fence which they had built and rebuild the fence at the old site. This order was complied with by the defendants, and the judgment in that suit became final.
The present suit is one for damages caused by the trespass and disturbance of the defendants. The claim is for $1850, made up of the following alleged items of damage: The destruction and plowing up by defendants of 11 acres of winter grass and rendering it unfit for pasturage purposes, the sum of $350; the cost of removing 100 head of cattle and extra feed for them on account of being deprived of the use of the pasture embraced in the land taken possession of by the defendants, the sum of $600; cutting down of trees and damage to fence, the sum of $150; deprivation of the use of the land, humiliation and mental suffering caused by the illegal trespass, the sum of $750.
The defendants do not deny tearing down and removing the old fence and placing it further north and east and taking possession of the land in between the old and the new fence, but they claim that this strip of land belongs to them, and they have filed a boundary suit to have the boundary established along the line of the new fence. They admit replacing the fence on the old line in compliance with an order of court in the possessory action and that they surrendered possession of the strip of land to the plaintiff under the judgment rendered in the possessory action. They deny that plaintiff is entitled to or suffered any damage.
The trial court rendered judgment in favor of plaintiff for damages in the sum of $600, and the defendants have appealed. The plaintiff answered the appeal, and asks that the judgment be amended by increasing the damages to the amount claimed in the petition.
There are two principal questions to decide in this case; viz., whether or not plaintiff is entitled to recover any damages without first proving that he is the owner of the property on which the trespass and disturbance took place, and second, if he is entitled to recover damages, the amount of same.
The former suit was a possessory action, pure and simple. The plaintiff prevailed in that action and necessarily proved his possession in order to support his claim. In a possessory action, the question of title is not an issue, except as it may be relevant to determine the nature and extent of the possession. In the recent case of Esmele v. Violet Trapping Co., Inc. et al.,184 La. 491, 166 So. 477, 479, the court said: "It is well settled that even against the lawful owner he who has been in possession of immovable property for more than one year has a cause of action to prevent an illegal disturbance of that possession and to recover damages resulting from such disturbance."
The fact that the defendants claim to be the owners of the tract of land of which they illegally deprived the plaintiff of the possession and the fact that they are now seeking in a separate suit for the boundaries to be fixed does not relieve them of the responsibility for whatever damage they have caused the plaintiff by their effort to take the law in their own hands and oust plaintiff from the possession which he had enjoyed for more than a year, regardless of the ownership, vel non, of the tract of land. Grant Timber Mfg. Co. v. Gray, 131 La. 865, 60 So. 374, and cases there cited.
It is true, as we held in the case of Pope v. Daniel, La.App., 195 So. 59, that in an action of trespass to recover damages for timber cut and removed where plaintiff bases his action on a claim of ownership of the land on which the trespass was committed, he must show an apparently good title, one that is superior to the title set up by the defendant to justify the cutting and removal of the timber. See Triche et al. v. Brownell-Drews Lumber Co., Ltd., 174 La. 512, 141 So. 44, in which the court made the statement that if plaintiffs had actual possession of the land, they might invoke that possession to enable them to recover. In an action to recover damages arising from a disturbance of *Page 21 
possession, as in the present case, the question of title is not involved and cannot be set up by the defendant to justify his unlawful disturbance of plaintiff's possession, whereas, in an action of trespass to recover damages for timber cut or property damaged based on a claim of ownership by the plaintiff, he must show an apparently good, or at least a prima facie, title to the property.
At the outset of the trial, the defendant requested that a surveyor be appointed by the court to fix the boundaries between the lands of the parties so as to determine the ownership of the strip in question, and this request was refused by the court. The action of the court was proper as the question of boundaries or ownership of the disputed tract is not an issue in this case. If the boundary should be fixed on the line where the defendants built the new fence, it would not affect their liability for whatever damage they caused the plaintiff by unlawfully taking possession of the strip of land lying between the old fence and the one they built.
The remaining question is the amount of damage suffered by the plaintiff. The trial judge found that the proof of specific items of damage was rather indefinite, and in awarding plaintiff $600, he was compelled to make a kind of estimate. Damages for an unlawful disturbance of possession, like all other damages, must be proved with legal certainty. We are unable to find from the evidence where plaintiff has proved with a reasonable degree of certainty the damages awarded in the judgment below. We think the following items of damage have been proved with reasonable certainty.
The defendants took possession of the strip of land on December 6, 1940, and surrendered the possession to plaintiff and replaced the fence under the order of court the middle of January following, their unlawful possession lasting about 40 days. Plaintiff claims, and he and his son so testified, that about 33 acres of this land is high land and had been plowed and planted in winter grass for cattle pasturage a month or two before the defendants took possession; that this plowing and planting cost $300; that the defendants plowed up about 11 acres of this land and destroyed the winter grass, and a claim of $100 is made for this item of damage. While the defendants contend (and there is considerable proof to support their contention) that they only plowed up about 6 acres of this high ground and that no winter grass was growing on it, we think the proof shows that plaintiff and his son had planted winter grass on this land some time before defendants took possession of it and that this grass was about ready for use as pasturage for cattle when defendants plowed up about one-third of it. This item of $100 has been sufficiently proved and will be allowed.
Plaintiff and his son testified that about 100 head of cattle were using this land for a winter pasture and it was necessary for these cattle to be moved elsewhere after defendants took possession of the land; that 33 head of these cattle were moved to another farm owned by plaintiff and then moved back to this pasture when possession was restored, the expense of this moving to and from the pasture being $36; that it took about 20 tons of hay worth $10 per ton and some peas on the farm worth $100 to feed these 33 head of cattle for the 40 days they were out of the pasture. Ray Guidry who had charge of the cattle for his father testified that he took the remaining 65 or 70 head of cattle from the pasture and fed them; that they consumed 6 to 8 bushels of corn per day for 40 days, and the corn was worth 60¢ per bushel; that these cattle consumed some hay, but no price is put on the hay.
Defendants claim, and there is considerable proof to support their claim, that there were not more than 25 or 30 head of cattle using this pasture, and that the winter grass was not large enough to furnish grazing for the cattle in this pasture. Moreover, Ray Guidry admits that he would have fed the cattle corn if they had stayed on the pasture. We think plaintiff is entitled to recover the item of $36 for moving the cattle from the pasture and moving them back. Taking as a conservative basis to fix the cost of feeding the cattle removed from the pasture for a period of 40 days that about one half as many cattle were in the pasture as plaintiff claims and about twice as many as defendants claim, an allowance of $150 for this item would be reasonable.
There were some 30 or 40 small willow trees cut by the defendants which plaintiff claims were worth $15. This item seems reasonable and will be allowed. There was no damage to the fence, as the *Page 22 
replaced fence seems to be as good as the old fence.
Ordinarily, mental anguish and humiliation are not proper elements of damage for the disturbance of possession of an immovable, unless there are special circumstances connected with the possession to make a disturbance of that possession humiliating and embarrassing. Such is not shown to be the case here.
For the reasons assigned, it is ordered that the judgment appealed from be amended by reducing the amount of damages from $600 to the sum of $301, and as thus amended, the judgment is affirmed; cost of the appeal to be paid by the plaintiff, and all other cost to be paid by the defendants.