In the year 1938, Governor Richard Leche donated to Springfield Baptist Church, an unincorporated religious association, the sum of $300 with which was purchased a plot of ground upon which the original church building was dedicated. This building later and at the present time became the parsonage, and the church acquired another location and old building, which is now used as the church. This church was established by the united efforts of its members and its pastor, Reverend Itriel T. Moore, and his wife, both of whom are defendants in this present suit. The record shows that the church affairs ran along smoothly for a number of years.
The Rev. Monroe joined the United States Army as a Chaplain on October 31, 1942 and was granted a leave of absence by the members of his church for the duration of the war and until six months after its termination. After the end of the war the Rev. Monroe remained in the army and is in the army at the present time. During this time his wife and family have occupied the parsonage. The members become dissatisfied and the relationship between most of the members and Mrs. Monroe reached such a point that Mrs. Monroe nailed up the church and refused to allow it to be used and also refused to vacate the parsonage. Hence, on May 21, 1947, the present suit was filed.
Defendants filed exceptions, among which was one of non-joinder which was sustained and, as a result, all parties who had ever been members of this church intervened *Page 175 
and those who refused to intervene were made parties defendant.
Plaintiffs' petition alleged the organization of the Springfield Baptist Church and the acquisition of the property upon which the church is located and also the acquisition of the property upon which the parsonage is located "for the use of the minister who may be called to preside over the said church and to conduct religious ceremonies therefor."
It is further set forth in plaintiffs' petition that Mrs. I. T. Monroe assumed possession of the church property and prevented the members of the congregation from using the same for worship or for religious services of any kind, and also the defendant, Mrs. Monroe, had, for "several" years illegally and without any right continued to live in the parsonage which was erected for the use of regular minister. Wherefore, the plaintiffs prayed for the issuance of a rule directed to the defendants, ordering them to show cause why an injunction should not issue enjoining, prohibiting and restraining them from taking possession of the church property and from interfering in any manner with the free use thereof, and why Mrs. Monroe should not deliver possession of the residence belonging to this church to the governing authorities of the church and ordering Rev. I. T. Monroe and Mrs. Monroe and family to vacate the parsonage.
The defendants, Itriel T. Monroe and Mrs. Itriel T. Monroe, filed separate answers which were, in effect, general denials except that they admitted that demand had been made upon them to vacate the parsonage; that on or about October, 1938 the defendants, Rev. I. T. Monroe and his wife, Mrs. Monroe, "pursuant to a regular call of the Springfield Baptist Church and as pastor thereof, moved into and occupied the parsonage together with their family." The defendant, Itriel T. Monroe, alleges that he "occupies lifetime tenancy as pastor of the Springfield Baptist Church."
The record reveals that on the 2nd day of June, 1947, an agreement was entered into by counsel for plaintiffs and counsel for defendants by which it was agreed that a conference of all the members of the church would be called and held "after due notice signed by the attorneys for both plaintiffs and defendants within thirty days from date thereof and this conference shall take action on all the matters in dispute; conference to be held and action taken under proper rules and regulations generally governing such conferences."
It was further agreed at this time that the congregation should have the free and undisturbed possession and use of the church building pending the conference hearing, and that Mrs. Monroe should not be disturbed in her occupancy of the parsonage building pending the holding of this conference or within thirty days thereafter, and the rule for injunction was continued without prejudice to the rights of either party.
Counsel for the defendants has set forth in his brief in detail the minutes of the meeting held as a result of the agreement on June 2nd. The record shows that forty-one persons were notified as members of the congregation and, as counsel states in his brief, "* * * it being a complete list so far as counsel for both sides could ascertain and lists all persons who had ever been a member of the congregation."
The minutes of the meeting on July 13, 1947 are very clear and were well taken and reported. Rev. Sam Gordon, a very prominent and distinguished minister of the Amite Baptist Church was elected Chairman, and Rev. E. H. Dearman, also a prominent and distinguished minister of the Kentwood Baptist Church was elected clerk. The business taken up was in order and to the point, and upon a motion duly made and seconded, the pulpit and parsonage of the Springfield Baptist Church were declared vacant by a vote of seventeen to five. At the termination of this meeting, counsel for defendants stated that none of the records would be turned over to the church and that the entire matter would be referred back to the Court.
After the matter was referred back to the Court, the case was duly tried and there was judgment in favor of the plaintiffs "decreeing that the property occupied by the church building and parsonage at Springfield, Louisiana is the property of *Page 176 
the Springfield Baptist Church and that the said church and congregation thereof are entitled to the full and free possession of the said property and ordering said defendants, Itriel T. Monroe and Mrs. Itriel T. Monroe to vacate said property and to deliver possession thereof to the Springfield Baptist Church forthwith. * * *" The Court further rejected the reconventional demand of the defendants and ordered them to pay all costs.
The defendant Mrs. I. T. Monroe has appealed from this judgment of the lower court. No appeal was perfected for any of the other defendants.
There is no testimony except the testimony of the defendant Monroe and his wife that he was to enjoy a life time tenancy and to have complete control of this church property. The preponderance of the testimony proves that this unincorporated church was to be governed by a majority of its members and that Rev. Itriel T. Monroe was employed as pastor of this church, which included the right to occupy the parsonage. When he entered the service, the congregation gave him a leave of absence for the duration of the war and for a period of six months thereafter. The Rev. Monroe did not return but reenlisted in the army. During the time that he was in the army the church was used and a temporary pastor occupied the pulpit. However, Mrs. Monroe nailed up the church and even went so far as to make criminal charges against members of the congregation who broke into the church for the purpose of using it for religious services.
There is evidence in the record of a previous meeting of the congregation, referred to by counsel for defendants as a "rump" meeting, which occurred in 1945 and notice of which was given to Mrs. Monroe as well as the result of the meeting. At this meeting, the congregation dismissed Rev. Itriel T. Monroe and served notice on Mrs. Monroe to vacate the property, which were disregarded by the defendants. Regardless of this meeting, the preponderance of the testimony shows that this church was to be governed by a majority, and there was a meeting held on July 12, 1947, regular in every detail, in which the majority voted that the pulpit and the parsonage of the church be declared vacant. It may be argued that this meeting was held after the filing of the suit, but it was done by consent of counsel for both plaintiffs and defendants.
Counsel for defendants filed an exception of no cause or right of action in this Court, based upon the proposition that if the present suit was a petitory action, it did not state a cause of action, and if it was a possessory action, it did not state a cause of action. In our opinion, it is neither, and it is not necessary in this suit to pass on who is the owner of the property, as the suit involved a question of the rights of a majority of the members of the congregation of the Springfield Baptist Church to discharge a pastor and evict his family from the parsonage. The right of the pastor in this case to occupy the parsonage is incidental to his contract of employment and, as that could be terminated at will by a majority of the congregation, so could his right of occupancy of the parsonage.
This suit is in the nature of an eviction of one who is no longer entitled to the possession and occupancy of property. It is governed by Act No. 298 of 1938, Dart's §§ 6606.1-6606.3, which deals with ejectment of others who are not tenants.
All in all, Rev. Monroe and his family have been treated very fairly by the congregation of this church and he cannot expect to remain in the army, nail the church up and use the parsonage, when all he ever had was a simple contract of employment as pastor with the right to occupy the parsonage as a part of his remuneration and which position was terminable at will by a majority vote of the members of the congregation, which we believe the record shows was done not once but twice.
It is therefore ordered that the judgment of the District Court be affirmed, the defendant to pay all costs. *Page 177