ELLIS, Judge.
Plaintiff has appealed from a judgment of the lower court dismissing her suit for damages allegedly in the nature of discomfort, embarrassment and invasion of her privacy in her possession of approximately two acres of land which she purchased on February 20, 1957, allegedly caused when the defendant placed a “For Sale” sign in front of her property.
The undisputed facts reveal that the defendant is a licensed real estate broker of the Parish of St. Tammany, Louisiana, and that on May 6, .1956 Mrs. Jane Wood Bos-worth listed with him for sale certain property which she owned and which was situated on the Covington-Hammond Highway and upon which the plaintiff had been a squatter for many years. In the listing agreement the defendant was given exclusive authority to post signs on the property, and although the petition alleged that he put a “For Sale” sign in front of the portion upon which plaintiff was squatting, the record shows that this sign read, “To build, buy or sell see E. J. Authement, 206 Street, Mandeville, La., phone 124J.” This sign was really placed on part of the highway belonging to the State of Louisiana and was removed because of a complaint by the department. It was this sign, however, upon which this entire suit was based, together with a contention as shown in plaintiff’s brief that “The main damages in the case are based upon the fact that the defendant demanded plaintiff to move from the property.”
The defendant secured a purchaser for the property and on May 15, 1956 an agreement of sale was signed between the prospective purchaser, the owner, Mrs. Bos-worth, and the selling agent, defendant herein. Upon instructions from Mrs. Bos-worth, the record owner of the property, the defendant notified the plaintiff of the prospective sale and in accordance with Mrs. Bosworth’s instructions he also told them they would have to move. Suit was filed by plaintiff and a compromise was consummated by the sale which is shown by a copy of act of sale introduced in evidence from Mrs. Bosworth and her husband to the plaintiff herein on February 20, 1957, *275 for a consideration of $200 for approximately 2 acres of land upon which plaintiff had been squatting. Plaintiff, prior to the passage of this act of sale, in 1957, which was approximately seven or eight months subsequent to the acts which she claimed damaged her, had no title to any part of the property and merely a claim of thirty years prescription which she asserted and which resulted in the sale to her of the two acres of land.
The record contains no evidence of thirty years possession without title sufficient for any court to hold that the plaintiff had a title under such a plea. Therefore, we have a case where a squatter is claiming damages from a real estate agent who held a bona fide contract to sell property belonging to a bona fide record owner, with the express right to place a sign on or in front of the property, and who, after securing a bona fide purchaser, was instructed by the record owner to notify the squatter to move.
Under these facts the district court correctly dismissed plaintiff’s suit.
Counsel for plaintiff cites and relies upon the case of Guidry v. Matherne, La.App., 12 So.2d 19, which was one for damages caused by an illegal trespass and disturbance by virtue of the defendants having actually trespassed upon the plaintiff’s property and moved a fence from 700 to 1,000 feet over on the land occupied and claimed by the plaintiff. The suit is not apposite in any respect. The defendant in the case at bar did not illegally trespass in any manner. The first step necessary in order to remove a squatter is to demand that they remove from the property, either by oral message or by written letter. In this case the defendant was acting under instructions from the record owner.
Counsel for plaintiff also relies on and cites the case of Hamilton v. Lumbermen’s Mutual Casualty Co., La.App., 82 So.2d 61, which was one for invasion of property resulting from insurer’s unauthorized use of insured’s name in advertisement for information concerning an automobile accident in which insured had been involved. We do not see, or believe, that this case is apposite in any respect to the case at bar.
The defendant was within his legal rights in placing the sign where he did insofar as the plaintiff squatter was concerned and also in ordering the plaintiff to move under the express instructions of the record owner.
Judgment affirmed. •