LOTTINGER, Judge.
This is a suit wherein the plaintiff, a religious corporation domiciled in the Parish of Orleans, seeks an injunction against the defendant from further exercising possession over and interfering with the free use of a certain four acre tract of land and the buildings and improvements thereon situated in the town of Amite in the Parish of Tangipahoa. Following the issuance of a rule to show cause why the injunction should not issue a motion was filed by defendant averring that “the temporary restraining order was issued without bond”' and, alternatively, that the summary method of procedure was improper. Exceptions of no right or cause of action were also filed, together with an exception of non-joinder, the basis of the latter being that the proper party defendant would be St. Thomas Spiritual Temple No. 1.
The rule for the injunction together with the rule to dissolve the restraining order were set for hearing on May 1, 1959, on which day, by agreement, the defendant, after reserving his rights under his motion and exceptions, filed his answer and the case was heard on its merits. After taking the case under advisement judgment was rendered by the trial judge overruling the defendant’s motion and exceptions andi ordering him to deliver possession of the premises to plaintiff from-which judgment defendant has appealed.
The defendant’s motion to dissolve the temporary restraining order is without foundation for the simple reason that a restraining order was never prayed for nor was' one ever issued.
The exceptions of no fight or cause of action appear to be levelled at'the *844 summary method of procedure and the failure of plaintiff to comply with the provisions of LSA-R.S. 13:4911 et seq., relating to the ejectment of occupants other than tenants or lessees, the defendant’s position appearing to be that the required notice was not given under the cited statute. The trial judge held, and correctly so we think, that the summary method of procedure was proper under our ruling in Sance v. Monroe, La.App., 39 So.2d 174 to the effect that such a suit is in the nature of an eviction proceeding. Incidentally, with respect to the question of notice, amicable demand was alleged in the petition and admitted in the answer and, it was observed by the trial judge, that this notice was for a period longer than required by the statute. Furthermore plaintiff was not required to make a vain effort as the record clearly reveals defendant would not have vacated upon receipt of such notice.
The defendant’s answer does not set up title in himself but claims that his possession emanates under the authority of St. Thomas Spiritual Temple No. 1, which, it is alleged, is a “chartered non-profit corporation” and the owner of the property. As stated before, the exception of non-joinder is levelled at the failure to join St. Thomas Spiritual Temple No. 1 as a party defendant.
We agree with the trial judge’s conclusion that the suit, being one to eject an alleged trespasser, poses for consideration only the question of whether the plaintiff has sufficient title to maintain the action against the trespasser. See Triche v. Brownell-Drews Lumber Co., 174 La. 512, 141 So. 44. St. Thomas Spiritual Temple No. 1 is not a necessary party in order to resolve this question. It has not been made a party nor has it made an appearance and, of course, no determination of its rights can be made herein.
The record reflects that the plaintiff was incorporated in the city of New' Orleans by act dated February 28, 19271 It further shows a certified copy of an act of sale covering the subject property dated July 16, 1936 by A. G. Frierson in favor of “St. Paul Spiritual Temple, a religious corporation duly chartered under the laws of the State of Louisiana, through its duly authorized agent Lillian Ned, Pastor of lawful age”. The sale is signed on behalf of the vendee as follows: “St. Paul Temple by Lillian Nedd.”
The Notary who passed the above mentioned sale testified that as well as he could remember he passed the sale for members of the local congregation in Amite and not at the instance of any persons from New Orleans. He stated further that he thought the local congregation was incorporated, and that if there was a resolution authorizing the purchase it would have been attached to the sale (which does not appear to have been done). The record does not reflect any disposition of the property by St. Paul Spiritual Temple.
The testimony shows without dispute, that Lillian Nedd, deceased wife of the defendant, was ordained as a minister of the Gospel by the plaintiff and shortly thereafter “Mother” Nedd, as she was known, went to Amite in more or less the capacity of a missionary. She preached under the sponsorship of plaintiff and was appointed by it as pastor of the Amite congregation. She continued to preach in this capacity until about six years before her death when she became paralyzed and went to New Orleans to live with her daughter. During this period she remained as titular pastor of the Amite congregation and, subsequent to her death on January 14, 1959, no one was appointed in her stead. The defendant lived on the property with his wife both before her illness and up to the time of filing suit.
Several witnesses for defendant, who had been members of the Amite congregation, seemed to agree that they were a part of the New Orleans organization at the time of the purchase and that the local congregation with the present church in New Orleans continued until only recently, and *845 it now appears that the local congregation has disintegrated, its members having joined another church.
There is some evidence in the record which indicates that the local congregation thought the property was being purchased for themselves and, further, that they paid a considerable portion of the purchase price and expended sums for construction and repair. Whatever, however, be the equities between these persons and the plaintiff is of no moment in the instant proceeding. The plaintiff has exhibited an apparently good title in itself and the defendant, a trespasser insofar as this plaintiff is concerned, has failed to prove any legal right to his possession.
The judgment appealed from is correct and is, therefore, affirmed.
Judgment affirmed.