287 So.2d 780 (1973)
M. L. HARVEY and John M. Taylor
v.
Robert E. HAVARD and Dan DeLee.
No. 53546.
Supreme Court of Louisiana.
December 3, 1973.
Rehearing Denied January 11, 1974.
Bryant W. Conway, Baker, for defendants-applicants.
John M. Taylor, Baton Rouge, William E. Woodward, Clinton, for plaintiffs-respondents.
WILLIAM A. CULPEPPER, Justice. Ad Hoc.
This case has been twice litigated in the Court of Appeal, 225 So.2d 615 and 274 So.2d 917. For the purposes of this opinion, only the facts and pleadings pertinent to the issues now under consideration will be stated.
Essentially, this is a trespass action by a landowner for damages for cutting timber. The defense is that the party who hired the timber cutter owns the approximately fifteen acres of land on which the timber was cut, and, hence, there was no trespass on plaintiffs' land.
On February 27, 1967, Harvey and Taylor initially filed suit as owners of land on which they alleged the defendant Havard had trespassed by cutting timber. They set out their record title to Lot 3 of a partition amongst the heirs of Mary C. Lee, executed in April of 1937. The trespass is alleged *781 to have occurred on the western portion of Lot 3.
Defendant Havard answered that he cut the timber under contract with DeLee, against whom he filed a third party demand. DeLee answered, admitting he contracted with Havard to cut the timber, and alleging it was cut from Lot 2 of the 1937 partition. DeLee then set out his record title to Lot 2, which is described in the partition as being bound on the east by Lot 3. A sketch drawn by some person not a surveyor or engineer is attached to the partition and shows this line as running north and south.
The original plaintiffs, Harvey and Taylor, then filed a motion alleging that they did not question DeLee's record title to Lot 2, and DeLee did not deny their record title to Lot 3; that the issue was the location of the boundary between Lots 2 and 3; and a surveyor should be appointed to determine that boundary.
DeLee then filed a supplemental answer and an opposition to the appointment of a surveyor, alleging that the sketch attached to the 1937 partition was not drawn by a surveyor and does not show bearings and distances, but that, regardless of what the sketch shows, the boundary between Lots 2 and 3 is marked on the ground by an old barbed wire fence, which has been maintained by DeLee and his ancestors in title for over 30 years. As determined by later surveys, the fence in question is east of the boundary line shown on the partition sketch and runs generally from the south end of that line in a north-easterly direction, leaving a triangular-shaped tract of about 15 acres between the fence and the boundary line shown on the sketch. This is the tract to which title is in dispute. In his supplemental answer, DeLee claimed title up to the fence under the prescriptions of ten and thirty years, LSA-C.C. Articles 852, 853, 3478 and 3499.
In the first trial, the district judge found the fence line had been established and recognized as a boundary by the consent of the adjoining landowners for a period in excess of ten years and must be recognized under C.C. Article 853. The motion to appoint a surveyor was therefore denied, and plaintiff's demand for damages for cutting the trees was rejected.
On the first appeal, 225 So.2d 615, the Court of Appeal held that, regardless of the conflicting jurisprudence under Article 853, it cannot apply because there was neither a formal nor an informal survey fixing the fence line as the boundary, nor did the evidence show that the adjoining landowners had acquiesced in the old fence line as the boundary. The prescription by ten years good faith possession under title, Article 3478, cannot apply because DeLee's title does not extend to the fence. The court held further that acquisitive prescription by thirty years adverse possession under Article 3499 could not apply because the partition agreement creating Lots 2 and 3 was not signed until April 20, 1937, and this suit was filed on February 27, 1967, thus eliminating the possibility of thirty years adverse possession to the fence in question. For the same reason, the thirty years prescription provided by Article 852 cannot apply. All of these holdings are clearly correct. The Court of Appeal remanded the case for the taking of evidence on the ownership of the disputed area where the trees were cut.
Following the remand, several additional pleadings were filed, among which was a motion by the original plaintiffs, Harvey and Taylor, to appoint a surveyor to fix the boundary between Lots 2 and 3. The court appointed McCain & Associates of Baton Rouge, who made a survey and filed it with a proces verbal. DeLee then obtained an extension of time and employed his own surveyor, William C. Horton, who made a survey. Both the McCain and Horton surveys fix the record boundary between Lots 2 and 3 approximately along the line drawn on the sketch attached to the partition. There is only a slight difference between the two surveys.
*782 Nevertheless, at the hearing to homologate McCain's survey, additional testimony was taken regarding the old fence line and the question of possession by DeLee and his ancestors in title to that line. The Horton survey showed the old fence line and various witnesses testified as to the existence of such a fence for many years. Even preceding the partition in 1937, as shown by the remnants of old barbwire, fence posts, etc. Horton also showed a new fence built by DeLee along the old fence line approximately three months before this suit was filed.
At the conclusion of the second trial, the district judge rejected both the McCain and Horton surveys and found "the parties to the partition agreement intended that the boundary between Lots 2 and 3 would be the old fence line."
On the second appeal, 274 So.2d 917, the Court of Appeal reversed, holding that the line as fixed by the surveyors, McCain and Horton, is the boundary intended by the parties to the partition and is the ideal boundary. These surveys are based on the titles, old surveys of the area, the descriptions in the partition, the sketch attached to the partition, stakes and other physical markings. As between the McCain and Horton surveys, which differed slightly, the court adopted that of McCain, based on the presumption of correctness in favor of a court-appointed surveyor. These holdings are correct.
The court rejected DeLee's argument that Loeblich v. Garnier, La.App., 113 So. 2d 95 (1st Cir., 1959) is applicable. In that case, the owner and tenant respectively of a 100-acre tract of cut-over land sued the defendant Garnier for damages for trespass by conducting hunting dog field trials. Defendant owned adjoining land and contended the field trials were held entirely on his land, and not that of the plaintiffs. Defendant moved for a judicial survey to establish the boundary. The court found the plaintiffs had corporeal possession for more than a year of the property, and then, therefore, had a right to bring a trespass suit for the disturbance of their possession, regardless of title, citing many cases for this well-established rule. The court, therefore, affirmed the district judge's refusal to appoint a surveyor.
The Court of Appeal found Loeblich inapplicable on the grounds that the evidence does not clearly show DeLee's corporeal possession for one year of the approximately fifteen acres at issue. We agree the evidence of DeLee's possession is conflicting and confusing.
Nevertheless, regardless of whether DeLee had corporeal possession of the fifteen acres for a year immediately preceding the cutting of the timber, we find Loeblich inapplicable. The distinction is that in Loeblich, the plaintiffs were possessors seeking damages for trespass by a disturbance of their possession. In the present case, the plaintiffs are not claiming damages as possessors. They are claiming as owners of the land. In cases where the plaintiff brings a trespass action as owner for damages to his land and proves his title, it is no defense for the trespasser to show he has possessed for a year without authority from the owner.
This distinction between a trespass action by a possessor and a trespass action by an owner, is recognized in Loeblich as follows:
"This is, however, a suit for damages arising from the disturbance of plaintiffs' open and peaceable possession of the tract enclosed by their fences. It is well settled that, even against the lawful owner, one who has been in possession of property for over one year has a cause of action to prevent an illegal disturbance of that possession and to recover damages resulting from such disturbance, and that, consequently in such actions title is not at issue when (as here) timely objections is made by plaintiffs to evidence concerning title. Esmele *783 v. Violet Trapping Co., 184 La. 491, 166 So. 477, and the many cases cited therein; see, also, Grant Timber & Mfg. Co. v. Gray, 131 La. 865, 60 So. 374, affirmed 236 U.S. 133, 35 S.Ct. 279, 59 L. Ed. 501; cf., LSA-C.C. Arts. 3450, 3454, 3455; Code of Practice Art. 53. Such a possessor may protect his possession by injunction, even against the owner. C.P. Art. 298(5); Churchill Farms, Inc. v. Gaudet, 184 La. 984, 168 So. 123. Likewise, in such actions by possessors, the trespasser may not excuse his violation of an apparent and generally recognized boundary by attempting to establish another and theoretically correct boundary. Hill v. Richey, 221 La. 402, 59 So.2d 434; Wright v. Holder, La.App. 2 Cir., 72 So.2d 529, certiorari denied; DeGraauw v. Eleazar, La.App. 1 Cir., 24 So.2d 180; Guidry v. Matherne, La.App. 1 Cir., 12 So.2d 19.
"In urging that the trial court erred in holding that title was not at issue, defendant relies upon several decisions involving actions for trespass by cutting timber in which it was held that, when the defendant claims ownership of the land upon which he cut the timber, the plaintiff must prove a title superior to that of the defendant. Tircuit v. Burton-Swartz Cypress Co., 162 La. 319, 110 So. 489; Pope v. Daniel, La.App. 1 Cir., 195 So. 59; Walker v. Baer-Thayer Hardwood Co., 1 Cir., 14 La.App. 381, 126 So. 541 [129 So. 218]; Johnson v. Sylvester, 1 Cir., 5 La.App. 720.
"But in these cases the plaintiffs claimed damages as owners and not as possessors and, so far as the opinions show, were not in possession of the property upon which the alleged trespasses took place. These cases do not, as urged, constitute an exception to the general rule that in actions for damages and/or injunction arising from a disturbance of possession, the question of title is not involved and cannot be set up by the defendant to justify an unlawful disturbance of plaintiff's possession. Cf., Foshee v. Kirby Lumber Corp., 212 La. 44, 31 So.2d 419; Triche v. Brownell-Drews Lumber Co., Ltd., 174 La. 512, 141 So. 44; Wyatt Lumber Co. v. Arnold, La.App. 2 Cir., 85 So.2d 287."
DeLee cites the statutory law on real actions, LSA-C.C.P. Article 3651 et seq., and the comments thereunder for the proposition that in the real actions, the issue of possession should be determined before that of title. He argues that his possession should have been the only issue, and the question of title should not have been considered. The answer to this argument is that the action of trespass is not one of the real actions provided by the Code of Civil Procedure. It is neither a petitory, nor a possessory, nor a boundary action. In the introduction to LSA-C.C.P. Book VII, Title II, Real Actions, it is stated:
"No attempt has been made to include in this Title certain of the fringe actions which bear some resemblance to the real actions, such as the action of trespass, the action to remove a cloud from title, and the action of specific performance."
The following cases recognize that a suit for damages for trespass is not one of the real actions provided in the Code of Civil Procedure: Stoufflet v. United Gas Pipeline Company, La.App., 162 So.2d 828 (1st Cir., 1964), which involved damages to land resulting from the operation of an unauthorized servitude; East v. Pan American Petroleum Corporation, La.App., 168 So.2d 426 (3rd Cir., 1964); and Derbofen v. T. L. James & Company, La.App., 148 So.2d 795 (4th Cir., 1962), which involved damages for unlawful removal of dirt; Fontenot v. Central Louisiana Electric Company, La.App., 147 So.2d 773 (3rd Cir., 1962), which involved damages for cutting the branches of a tree; and Hayward v. Noel, La.App., 225 So.2d 638 (1st Cir., 1969), which involved cutting timber and grazing cattle. See also I Yiannopoulos, Louisiana Practice, Sec. 141 (1966) for a general discussion of the subject.
*784 Hayward v. Noel, supra, is similar to the present case. There, the plaintiffs, alleging themselves to be the owners of a tract of land, brought suit for damages arising out of alleged trespass by defendants by the cutting of timber and grazing of cattle. Defendants answered, claiming ownership of the tract, both by title and by the acquisitive prescriptions of ten any thirty years.
The Court of Appeal noted that, although the action was not petitory, plaintiffs' right to recover damages for trespass was based on their alleged title to the property. It was held that the issue was title, and that plaintiffs made out their record title. Defendants failed to prove their ownership by title or by acquisitive prescription. Judgment was accordingly rendered in favor of plaintiffs for damages for the trespass, although defendants had been in possession for approximately twenty-eight years.
For the reasons stated above, it is clear that, in the present case, DeLee failed to prove his ownership either by title or by prescription. It is immaterial whether he possessed for a year. Plaintiffs, Harvey and Taylor, made out their record title to Lot 3. For the reasons stated by the Court of Appeal, the survey of the court-appointed surveyor, McCain, must be approved and homologated as showing the true boundary between Lots 2 and 3.
On the question of damages, the Court of Appeal concluded that neither party proved the location of the trees cut or the alleged trespasses with relation to the boundary as established by the McCain survey. The claim of Harvey and Taylor against DeLee, as well as that of DeLee against Harvey and Taylor, was therefore correctly rejected.
Damages in the sum of $250.00 were awarded to Havard for the seizure by plaintiffs of his equipment. No complaint as to this portion of the judgment has been made either in the Court of Appeal on application for rehearing by Harvey and Taylor or by their application for a review to this Court. Accordingly, that portion of the judgment in favor of Havard and against Harvey and Taylor in the sum of $250.00 must be affirmed.
We likewise find no error by the Court of Appeal in taxing the costs half against DeLee and half against Harvey and Taylor.
For the reasons assigned, the judgment of the Court of Appeal is affirmed.
BARHAM and TATE, JJ., concur in the result.